COURT OF APPEALS OF VIRGINIA

Present: Judges Koontz, Bray and Annunziata

JOE L. DODSON

v.   Record No. 0308-95-2                    MEMORANDUM OPINION[*]
                                                 PER CURIAM
HAYMES BROTHERS, INC.                        AUGUST 1, 1995
AND
BITUMINOUS CASUALTY CORPORATION

              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (William R. Keown; Traylor & Morris, on brief), for
              appellant.

              (Ralph L. Whitt, Jr.; Jennifer G. Marwitz; Sands,
              Anderson, Marks & Miller, on brief), for appellees.


     Joe L. Dodson (claimant) contends that the Workers'

Compensation Commission erred in (1) finding that he

unjustifiably refused selective employment offered to him by

Haymes Brothers, Inc. ("employer"); and (2) considering the May

3, 1994 report of Dr. Robert O. Fitch, the treating orthopedic

surgeon.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "To

support a finding of refusal of selective employment 'the record

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

must disclose (1) a bona fide job offer suitable to the employee's capacity; (2) [a job offer that was] procured for the employee by the employer; and (3) an unjustified refusal by the employee to accept the job.'" James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 489 (1989) (quoting Ellerson v. W.O. Grubb Steel Erection Co., 1 Va. App. 97, 98, 335 S.E.2d 379, 380 (1985)).

The claimant does not dispute that a bona fide offer of light duty work was made to him by the employer in April and June 1993, nor does he dispute that he refused the offer. Rather, he contends that the commission erred in accepting the opinion of the treating physician, Dr. Fitch, who opined that the claimant was able to perform the job offered by employer, and in rejecting the opinions of Drs. Alton F. Gross and John P. Franko, who opined that the claimant was totally disabled and not capable of even minor movements.

"[I]t is fundamental that a finding of fact made by the Commission is conclusive and binding upon this court on review. A question raised by conflicting medical opinion is a question of fact." Commonwealth v. Powell, 2 Va. App. 712, 714, 347 S.E.2d 532, 533 (1986). In light of the surveillance videotape and the testimony of the private investigator, the commission was entitled to discount the opinions rendered by Drs. Gross and Franko. Moreover, the reports and opinions of Dr. Fitch provide credible evidence to support the commission's finding that the

2

work offered by the employer in April and June 1993 was within the claimant's residual capacity and that he was not justified in refusing it. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

On review before the full commission, the claimant did not raise the issue of the deputy commissioner's consideration of the May 3, 1994 report of Dr. Fitch, therefore we will not address this issue for the first time on appeal. See Green v. Warwick Plumbing & Heating Corp., 5 Va. App. 409, 413, 364 S.E.2d 4, 6 (1988) (issue not disputed before commission will not be considered on appeal); Rule 5A:18.

For the reasons stated, we affirm the commission's decision.

Affirmed.