**Norfolk**

KENNETH EDWARD HOLLAND

v.

VIRGINIA BRIDGE AND STRUCTURES, INC.

and

LIBERTY MUTUAL INSURANCE COMPANY

No. 0250-89-1

Decided August 14, 1990

COUNSEL

Kenneth Edward Holland, *pro se.*

Robert A. Rapaport (Fay F. Spence; Knight, Dudley, Pincus, Dezern & Clarke, on brief), for appellees.

OPINION

**WILLIS, J.**—In this appeal, we hold that the Industrial Commission erred in suspending an award of workers' compensation benefits based on its finding that the claimant unjustifiably refused reasonable and necessary medical treatment.

On March 25, 1988, Kenneth Holland, employed as a construction worker by Virginia Bridge and Structures, Inc., was injured when a scaffold on which he was working collapsed. An award was entered in his favor providing compensation during incapacity, commencing April 4, 1988.

Holland's attending physician, Dr. John Morina, referred him to Dr. James Dillon, a neurosurgeon, for examination to determine the cause of his continuing back symptoms. Following an examination performed on May 25, 1988, Dr. Dillon recommended that Holland submit to a bone scan, which involved the injection of a radioactive isotope, to be performed on June 9, 1988. Holland was given an appointment to return to Dr. Dillon on June 15.

On June 9, before submitting to the bone scan, Holland requested and obtained from the medical technologist who was to administer the test a manufacturer's printed description of the radio opaque isotope with which he was to be injected. This literature set forth warnings and disclaimers which alarmed him. He

testified that the technologist agreed with his concern. He decided to defer submitting to the bone scan until he could talk further with Dr. Dillon. He called Dr. Dillon's office and spoke with the secretary who expressed sympathy with his position and told him that they would contact him later that day. This was not done. On June 15, Dr. Dillon's office called Holland and told him that his appointment was cancelled and that they were referring him back to Dr. Morina because of his refusal to submit to the bone scan.

On July 21, 1988, the employer and its insurance carrier applied to the Industrial Commission for an order suspending Holland's benefits on the ground that he had unjustifiably refused reasonable and necessary medical treatment. Code § 65.1-88(B) states, "The unjustified refusal of the employee to accept. . . medical service. . . when provided by the employer shall bar the employee from further compensation." Evidence was taken before a deputy commissioner who found that the bone scan recommended by Dr. Dillon was a routine diagnostic test, that its dangers were extremely slight, that Dr. Dillon's recommendation was reasonable and was intended to help identify the cause of the claimant's disability, and that the claimant's concerns were exaggerated and unreasonable and did not warrant his refusal to undergo the prescribed testing. The deputy commissioner ordered the suspension of benefits as of July 21, 1988. On review, the full commission adopted the findings and conclusions of the deputy commissioner and affirmed his order.

█ The commission's finding that the bone scan prescribed for Holland was medically justified is supported by the evidence. The expert medical evidence was unanimous on that point. However, that is not the end of the inquiry. The question is not whether the recommended procedure was justified, but whether the patient's refusal to submit to it was justified. The matter of justification must be considered from the viewpoint of the patient and in light of the information which was available to him. *R.G. Moore Bldg. Corp. v. Mullins*, 10 Va. App. 211, 213, 390 S.E.2d 788, 789 (1990).

The manufacturer's printed warning, which Holland read, set forth precautions to be followed to minimize radiation exposure to patients, stated that long term studies had not been performed to evaluate carcinogenic potential or possible effects on fertility and reproductive capacity, and stated that particular care should be

taken with respect to patients having certain medical conditions. He expressed concern over this, and his concern was supported by the medical technologist. Given these facts, we find that his decision not to submit to the injection without further medical consultation and assurance was both reasonable and justified. He sought such further consultation from Dr. Dillon, but was unable to obtain it.

The purpose of Code § 65.1-88(B) "is to place the cost of medical care on the employer and to restore the employee's good health" so that he may return to work. *Richmond Memorial Hosp. v. Allen*, 3 Va. App. 314, 318, 349 S.E.2d 419, 422 (1986) (citation omitted). It penalizes an employee "who unjustifiably refuse[s] reasonable and necessary medical treatment." *Davis v. Brown & Williamson Tobacco Co.*, 3 Va. App. 123, 127, 348 S.E.2d 420, 421 (1986). However, the treating physician must deal with the employee as he would with any other patient and cannot simply prescribe treatment without providing an adequate explanation of the associated benefits and/or risks. The claimant may not be treated as an inanimate object, devoid of sensibility and concern for his welfare.

We hold that Holland's refusal to submit to the bone scan was justified under the circumstances which controlled that decision. Accordingly, the judgment of the Industrial Commission is reversed, and it is ordered that Holland's benefits be reinstated effective July 21, 1988.

*Reversed and remanded.*

Baker, J., and Barrow, J., concurred.