COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Annunziata and Overton
Argued at Richmond, Virginia


ANASTASIS S. MICHAEL, JR.

v.      Record No. 1533-96-2

GEORGE KEENER MASONRY AND
 UNINSURED EMPLOYER'S FUND

MEMORANDUM OPINION[*] BY
JUDGE NELSON T. OVERTON
JANUARY 7, 1997

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

> Daniel E. Lynch (Vasiliki Moudilos; Williams
> & Pierce, on brief), for appellant.
>
> Christopher D. Eib, Assistant Attorney
> General (James S. Gilmore, III, Attorney
> General; Richard L. Walton, Jr., Senior
> Assistant Attorney General; John J. Beall,
> Jr., Senior Assistant Attorney General, on
> brief), for appellee Uninsured Employer's
> Fund.
>
> No brief or argument for appellee George
> Keener Masonry.


Anastasis S. Michael, Jr., appeals the ruling of the Workers' Compensation Commission denying him benefits on the grounds that he unjustifiably refused medical treatment.  Finding no error, we affirm.

The parties are fully conversant with the record to this case, and a recitation of the facts is unnecessary to this memorandum opinion.

Guided by well established principles, we construe the

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

evidence in the light most favorable to the party prevailing below.  See Crisp v. Brown's Tysons Corner Dodge, Inc., 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986).  "If there is evidence, or reasonable inferences can be drawn from the evidence, to support the Commission's findings, they will not be disturbed on review, even though there is evidence in the record to support a contrary finding."  Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986); see Code § 65.2-706.  "In determining whether credible evidence exists," this Court will not "retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses."  Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991) (citation omitted).

Code § 65.2-603(B) aims to "place the cost of medical care on the employer and to restore the employee's good health" so that he may return to work.  Richmond Memorial Hosp. v. Allen, 3 Va. App. 314, 318, 349 S.E.2d 419, 422 (1986) (interpreting former Code § 65.1-88(B)).  "It penalizes an employee 'who unjustifiably refuse[s] reasonable and necessary medical treatment.'"  Holland v. Virginia Bridge & Structures, 10 Va. App. 660, 663, 394 S.E.2d 867, 868 (1990) (quoting Davis v. Brown & Williamson Tobacco Co., 3 Va. App. 123, 127, 348 S.E.2d 420, 421 (1986)).  When determining whether a refusal of medical treatment was justified, we look not at whether the recommended

procedure was medically justified, but rather whether the patient's refusal to submit to it was justified.  See Holland, 10 Va. App. at 662, 394 S.E.2d at 868.  "The matter of justification must be considered from the viewpoint of the patient and in the light of the information which was available to him."  Id.

We do not have before us a case where the employee lacked complete medical consultation and assurance.  See, e.g., Holland, 10 Va. App. at 663, 394 S.E.2d at 868.  Instead, Michael saw several doctors, all of whom assured him of the low chance of complications and the high probability of success.  Furthermore, Michael's reasons for his fear of surgery changed from time to time without any apparent logic.  Indeed, the commission noted that Michael "testified that he would have accepted the surgery if it had been prescribed closer in time to the work accident."  Considering this with all the other facts before the commission, we cannot say that the commission erred in finding that Michael's claim of fear constituted an unreasonable refusal of medical treatment.

Affirmed.