COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


WILLIAMSBURG SOAP & CANDLE COMPANY
AND
CONTINENTAL INSURANCE COMPANY
                                        MEMORANDUM OPINION[*]
v.   Record No. 0779-97-1                    PER CURIAM
                                           AUGUST 5, 1997
DEBRA J. EAMES

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (Roya Palmer; Law Offices of Richard A.
               Hobson, on brief), for appellants.

               (Byron A. Adams, on brief), for appellee.


     Williamsburg Soap & Candle and its insurer (hereinafter

collectively referred to as "employer") appeal a decision of the

Workers' Compensation Commission (commission) refusing to suspend

Debra J. Eames' (claimant) award of workers' compensation

benefits.  Employer contends that the commission erred in finding

that claimant did not unjustifiably refuse medical treatment from

Dr. Lisa B. Barr.  Finding no error, we affirm the commission's

decision.

     On March 28, 1995, claimant sustained a compensable right

shoulder and arm injury.  On or about February 29, 1996,

claimant's treating physician, Dr. Jeffrey D. Moore, an

orthopedic surgeon, referred claimant to Dr. Barr, a physiatrist.

 Claimant first treated with Dr. Barr on March 29, 1996.

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Claimant described that treatment as very painful and the examination as barbaric. Claimant testified that Dr. Barr climbed on top of the examining table, took claimant's right arm and placed it in the middle of claimant's back, and then put her knee on claimant's back and yanked on claimant's right shoulder. Dr. Barr then subjected claimant to at least four cortisone shots to her back, shoulder, and arm, even though claimant was in tears and had told Dr. Barr that such treatment had not provided her with relief in the past. Dr. Barr wanted to place two more shots under claimant's armpit, but claimant refused. After the shots, claimant could not move her arm. Dr. Barr instructed claimant that she could return to work the following Monday and gave her a prescription for medication.

After the March 29, 1996 treatment, claimant contacted Dr. Moore, who agreed that she would not be required to continue treating with Dr. Barr. Claimant testified that Dr. Moore gave her permission to return to Dr. Kevin R. Bedell, her family physician. On April 5, 1996, Dr. Bedell noted that claimant "was last seen by Dr. Barr, who gave her trigger point injections which created more pain from her aspect." Dr. Bedell recommended a referral to a pain clinic at the Williamsburg Community Hospital for myofascial manipulation rather than injections. On April 10, 1996, claimant treated with Dr. Mark W. Newman at the pain clinic. Dr. Newman administered manipulative treatment and nerve blocks. On April 12, 1996, Dr. Bedell reported that

2

claimant "is feeling markedly better, still has some pain, but is very pleased."

On April 12, 1996, claimant returned to Dr. Barr due to a previously scheduled follow-up appointment. At that time, claimant informed Dr. Barr that her treatment had caused claimant increased pain. Claimant did not receive any treatment from Dr. Barr on April 12, 1996. At that time, Dr. Barr noted that claimant was "basically not interested in continuing medical care under my direction." Dr. Barr did not note on April 12, 1996 that she had scheduled any follow-up appointment for claimant. In addition, claimant testified that no such appointment was planned. Employer then scheduled an appointment for claimant with Dr. Barr on May 3, 1996. Claimant did not attend that appointment. On May 17, 1996, claimant returned to Dr. Moore. Dr. Moore noted that he did not object to claimant discontinuing her treatment with Dr. Barr and continuing her treatment with Dr. Bedell.

The relevant question is not whether the procedures employed by Dr. Barr were justified, but whether claimant's refusal to submit to further treatment by Dr. Barr was justified. See Holland v. Virginia Bridge & Structures, Inc., 10 Va. App. 660, 662, 394 S.E.2d 867, 868 (1990). "The matter of justification must be considered from the viewpoint of the patient and in light of the information which was available to [her]." Id.

Claimant's uncontradicted testimony that she was subjected

3

to an unnecessarily painful examination and treatment on March 29, 1996 by Dr. Barr, which worsened her condition, supports the commission's finding that claimant was justified in seeking alternative treatment from Dr. Bedell.[1]  Dr. Bedell's treatment proved productive and provided claimant with pain relief. Furthermore, claimant's failure to attend the May 3, 1996 appointment with Dr. Barr is of no moment.  As the commission correctly noted, the treating physician, not the employer or its representative, directs the medical management of the employee. Given the circumstances in this case, we find that the commission did not err in holding that claimant did not refuse medical treatment without justification.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>

---

[1]Employer incorrectly asserts that the commission found Dr. Bedell not to be an authorized treating physician.  To the contrary, the commission vacated the deputy commissioner's finding that Dr. Bedell was a valid referral from Dr. Moore because employer did not have notice that the issue of a change in treating physicians would be decided by the deputy commissioner.  However, the commission noted that the employer does not determine the medical treatment.  Rather, medical management of the employee is to be directed by the treating physician.  <u>See</u> <u>Jensen Press v. Ale</u>, 1 Va. App. 153, 158, 336 S.E.2d 522, 525 (1985).