COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Elder and Senior Judge Cole
Argued at Salem, Virginia

FAMILY HEALTH CARE ASSOCIATES
 OF SOUTHWEST VIRGINIA, P.C.

v.        Record No. 1238-97-3

SYLVIA PERKINS
                                    MEMORANDUM OPINION[*] BY
-AND-                                JUDGE LARRY G. ELDER
                                      DECEMBER 23, 1997
SYLVIA PERKINS

v.        Record No. 1290-97-3

FAMILY HEALTH CARE ASSOCIATES
 OF SOUTHWEST VIRGINIA, P.C.


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            B. L. Conway, II (Conway & Conway, L.L.C., on
            briefs), for Sylvia Perkins.

            Ramesh Murthy (Penn, Stuart & Eskridge, on
            briefs), for Family Health Care Associates of
            Southwest Virginia, P.C.


     This case involves cross-appeals of a decision of the

Workers' Compensation Commission (commission) awarding medical

benefits, temporary total disability benefits, and permanent

partial disability benefits to Sylvia Perkins (claimant).[1]

Family Health Care Associates of Southwest Virginia (employer)

contends: (1) that the commission erred when it concluded that

claimant's entitlement to benefits was not barred by the notice

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

     [1]Pursuant to the parties' joint motion to consolidate their
appeals, we decide the issues raised in both appeals in this
memorandum opinion.

requirement of Code § 65.2-600, (2) that the evidence was insufficient to support the commission's finding that claimant's shoulder injury and her gastrointestinal problems were causally connected to a work-related accident, and (3) that the commission erred when it awarded claimant permanent partial disability benefits because the evidence was insufficient to prove that she had reached maximum medical improvement.[2]

Claimant contends that the evidence was insufficient to support the commission's finding that she was able to return to her pre-injury duties on July 25, 1994. For the reasons that follow, we affirm.

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). As the trier of fact, the commission determines the weight of the evidence and the credibility of the witnesses. See Uninsured Employer's Fund v. Mounts, 24 Va. App. 550, 559, 484 S.E.2d 140,

---

[2]Employer also contends that the review opinion of the full commission is illegal and invalid because the composition of the commission that decided this case violated Code § 65.2-200, § 65.2-704, and § 65.2-705. However, the record does not indicate that employer ever informed the full commission of its objection to its decision on this ground. The record indicates that employer received a copy of the commission's decision on May 5, 1997 and that the decision clearly indicated that Deputy Commissioner Dely participated in the full commission's review of this case. The record does not indicate that employer ever filed a motion to reconsider or set aside the full commission's decision. Because employer did not raise this argument before the commission, we cannot consider it for the first time on appeal. See Rule 5A:18; Green v. Warwick Plumbing & Heating Corp., 5 Va. App. 409, 412-13, 364 S.E.2d 4, 6 (1988).

144 (1997). If there is evidence or reasonable inferences that can be drawn from the evidence to support the commission's findings, they will not be disturbed on appeal, even though there is evidence in the record to support a contrary finding. See Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986); see also Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991); Code § 65.2-706(A).

## I.

## NOTICE

Employer contends that claimant failed to satisfy the notice requirement of Code § 65.2-600 and that the commission erred when it concluded that employer waived its right to raise claimant's lack of notice as a defense. We disagree.

Under Code § 65.2-600(A) and (D), an injured employee is required to give his or her employer a "written notice of the accident" "within thirty days after the occurrence of the accident . . . ." However, under Rule 7.2 of the Rules of the Workers' Compensation Commission, the commission has discretion to find that an employer has waived its "notice defense" under Code § 65.2-600 as a sanction for failing to "post and keep posted, conspicuously, in the . . . place of business at a location frequented by employees, notice of compliance with the provisions of the Act."

Regardless of whether claimant's oral notice of her accident

3

on June 29, 1994 to Nurse Keen and Keen's subsequent conversation with Dr. Bailey were sufficient to satisfy Code § 65.2-600, we hold that the commission did not err when it concluded that employer waived its right to raise the "notice defense" by failing to comply with Rule 7.2. The commission's finding that employer failed to post the notice required by Rule 7.2 is supported by claimant's testimony, which the commission deemed credible. Furthermore, we cannot say that the commission's decision to impose the sanction provided by Rule 7.2 was an abuse of discretion.

## II.

## CAUSATION

Employer contends that the commission erred when it (1) found that claimant's shoulder injury resulted from the alleged accident on June 29, 1994 and (2) found that claimant's gastrointestinal problems were causally related to Dr. Bailey's medical treatment of claimant's shoulder on June 29, 1994. We disagree.

Claimant had the burden of proving by a preponderance of the evidence that she suffered "an injury by accident arising out of and in the course of [her] employment." Classic Floors, Inc. v. Guy, 9 Va. App. 90, 95, 383 S.E.2d 761, 764 (1989); Code § 65.2-101. "In order to carry [the] burden of proving an 'injury by accident,' a claimant must prove that the cause of [the] injury was an identifiable incident or sudden precipitating

4

event and that it resulted in <u>an obvious sudden mechanical or structural change in the body</u>."  <u>Morris v. Morris</u>, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989) (emphasis in original).  In addition, an employer is responsible for medical expenses that are (1) causally related to the injury, (2) medically necessary, and (3) performed pursuant to a referral from the treating physician, an emergency, or the permission of the employer, insurer, or the commission.  <u>See</u> <u>Breckenridge v. Marval Poultry Co., Inc.</u>, 228 Va. 191, 194, 319 S.E.2d 769, 770-71 (1984); <u>Volvo White Truck Corp. v. Hedge</u>, 1 Va. App. 195, 200, 336 S.E.2d 903, 906 (1985); Code § 65.2-603.

First, we hold that the commission's finding that claimant's shoulder injury was causally related to her accident on June 29, 1994 was supported by credible evidence and is binding on appeal.  Claimant testified that she had never suffered a shoulder injury prior to June 29, 1994.  While working on June 29, 1994, claimant stepped on a stool in order to reach a file that she was retrieving for a nurse.  After she retrieved the desired file, the stool on which she was standing "gave away" and claimant started to fall.  As claimant attempted to grab the shelves holding the files in order to stop her fall, she felt a "pop" and a sharp pain in her left shoulder.  The record established that claimant's left shoulder and the use of her left arm have been impaired ever since.  The record contains no medical opinion regarding the existence or nonexistence of a causative link

5

between claimant's accident on June 29, 1994 and her shoulder problems.  However, a claimant is not required to produce a physician's opinion in order to prove causation.  See Dollar General Store v. Cridlin, 22 Va. App. 171, 176-77, 468 S.E.2d 152, 154-55 (1996).  "The testimony of a claimant may . . . be considered in determining causation, especially where the medical testimony is inconclusive."  Id. at 176, 468 S.E.2d at 154.  Claimant's testimony regarding her accident and the medical history of her shoulder were sufficient to support the commission's finding that her shoulder problems were caused by her accident on June 29, 1994.

In addition, the commission's finding that claimant's anemia, gastrointestinal bleeding, and prepyloric ulcer were caused by Dr. Bailey's treatment of her shoulder on June 29, 1994 was likewise supported by credible evidence.[3]  Although Dr. Rolen opined that claimant's hospitalization in July 1994 was "in no way related or necessitated by her shoulder injury or the treatment of her shoulder injury by Dr. Bailey," Dr. Clary opined that the medicines prescribed by Dr. Bailey were "the probable cause" of her gastrointestinal problems.  In its role as fact finder, the commission was entitled to weigh the conflicting

---

[3]Employer does not argue that the treatment of claimant's gastrointestinal problems was either medically unnecessary or not properly authorized.  See Breckenridge v. Marval Poultry Co., Inc., 228 Va. 191, 194, 319 S.E.2d 769, 770-71 (1984); Volvo White Truck Corp. v. Hedge, 1 Va. App. 195, 200, 336 S.E.2d 903, 906 (1985); Code § 65.2-603.

medical evidence and to resolve the conflict between the medical opinions in favor of claimant. "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989). Because the record does not indicate that Dr. Clary's opinion was speculative or otherwise legally incompetent, it is sufficient to support the commission's finding of causation.

### III.

### PERMANENT PARTIAL DISABILITY

Employer argues that the commission erred when it awarded permanent partial disability benefits to claimant because she had not yet reached maximum medical improvement. We disagree.

Code § 65.2-503 provides benefits to indemnify injured employees for permanent loss and disfigurement that is either partial or total. See Tumlin v. Goodyear Tire & Rubber Co., 18 Va. App. 375, 380-81, 444 S.E.2d 22, 24-25 (1994). In order to establish entitlement to benefits under Code § 65.2-503, a claimant bears the burden of proving (1) that he or she has suffered one of the losses enumerated in the statute and (2) that the "incapacity is permanent and that the injury has reached maximum medical improvement." County of Spotsylvania v. Hart, 218 Va. 565, 568, 238 S.E.2d 813, 815 (1977).

We hold that the commission's award of permanent partial disability benefits was not erroneous. Credible evidence supports its findings that claimant (1) suffered a permanent loss

7

covered by Code § 65.2-503 (2) after reaching maximum medical improvement.  Dr. McGarry opined on November 15, 1996 that claimant "has reached maximal medical improvement" and rated the permanent impairment of her upper left extremity at twenty percent.  In addition, claimant's refusal of the shoulder surgery recommended by Dr. McGarry did not render her legally incapable of proving that her partial disability was permanent.  Dr. McGarry advised claimant that the proposed surgery was risky and that she "could lose more motion" in her arm.  Based on the information provided to claimant about the recommended surgery, we cannot say that the commission erred when it concluded that her refusal was justified.  Cf. Holland v. Virginia Bridge and Structures, Inc., 10 Va. App. 660, 662, 394 S.E.2d 867, 868 (1990).

## IV.

### LENGTH OF CLAIMANT'S DISABILITY

Claimant contends that the evidence was insufficient to support the commission's finding that she was able to return to her pre-injury duties on July 25, 1994.  We disagree.

Because employer "prevailed" on this issue below, we view the relevant evidence in the light most favorable to it.

We hold that credible evidence in the record supports the commission's finding that claimant's pre-injury duties as an appointment secretary were within the restrictions imposed by Dr. Clary when he released claimant to work on July 25, 1994.  When

8

he released claimant to work, Dr. Clary placed the following restrictions on her activity:

> [Claimant] was advised no work until 7/25/94 with no hard labor or lifting greater than 15 pounds of weight for three months, no reaching overhead or stretching for extended periods of time, no bending over for extended periods of time, no climbing, and no excessive hours of work per day.

Claimant testified that her position as an appointment secretary was a "desk job" and that her duties entailed "[a]nswering the telephone and making appointments on the computer." She testified that, although she occasionally retrieved and returned files for nurses, which did require her to reach overhead, on the whole she did "very little filing." Claimant also testified that she worked eight hours a day, four days a week. Dr. Bailey, who owned employer, testified that claimant's duties "were basically to answer the phone and to do scheduling" and that her job as an appointment secretary was "primarily a desk job." Debra Bailey, who was employer's administrator, testified that claimant's specific duties did not include retrieving files for nurses. Because credible evidence supports the commission's findings that "overhead filing was [not] a requirement of [claimant's] job" and that claimant was capable of performing her pre-injury work after July 25, 1994, they are binding and conclusive on appeal.

For the foregoing reasons, we affirm the commission's award.

Affirmed.

9