COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Bumgardner and Lemons

JERRY WAYNE COMBS

v.  Record No. 1000-98-3

VALLEY HAULING, INC. AND
 LIBERTY MUTUAL INSURANCE COMPANY

MEMORANDUM OPINION[*]
PER CURIAM
SEPTEMBER 15, 1998

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(D. Edward Wise, Jr.; Arrington, Schelin &
Herrell, on brief), for appellant.

(John C. Johnson; Frith, Anderson & Peake, on
brief), for appellees.


Jerry W. Combs ("claimant") contends that the Workers'
Compensation Commission ("commission") erred in suspending his
award of compensation benefits based on its finding that he
unjustifiably refused reasonable and necessary medical treatment.
Upon reviewing the record and the briefs of the parties, we
conclude that this appeal is without merit.  Accordingly, we
summarily affirm the commission's decision.  See Rule 5A:27.

"Code § 65.2-603(B) bars a claimant from receiving further
compensation if the claimant unjustifiably refuses to accept
medical services provided by the employer."  Shawnee Management
Corp. v. Hamilton, 25 Va. App. 672, 678-79, 492 S.E.2d 456, 459
(1997) (en banc) (citations omitted).

In granting employer's application and holding that claimant

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

unjustifiably refused to undergo a reasonable and necessary diagnostic procedure, the commission made the following findings:

> We note that the claimant's reported discomfort with Dr. [Matthew] Wood personally apparently did not arise until March 1997. Before then, the fact that the procedure was to be performed by Dr. Wood was not a factor. We have carefully reviewed all the medical records filed with the Commission and find nothing inappropriate about the treatment by and recommendations of Dr. Wood in this case, and find no basis for the claimant's putative lack of trust.
>
> We also conclude that the claimant's alleged "nerves" and mental attitude are raised in these proceedings only as a pretext. Combs was rejecting the cervical myelogram even before he manifested the psychological problems for which he was referred to Dr. [Robert W.] Hill and Dr. [Ronald W.] Brill. Moreover, even the early psychological reports do not suggest mental attitude as a basis for refusing the surgery, but anticipate that the procedures might be productive to reduce the claimant's chronic pain and help return him to gainful employment. Only much later were nerves and mental attitude raised as grounds to refuse the recommended procedure.

Claimant does not dispute that the cervical myelogram recommended by Dr. Wood constituted reasonable and necessary medical treatment and that claimant refused such treatment. Rather, claimant argues that the evidence proved that he was justified in refusing the procedure. We disagree.

"The matter of justification must be considered from the viewpoint of the patient and in light of the information which was available to him." Holland v. Virginia Bridge and Structures, Inc., 10 Va. 660, 662, 394 S.E.2d 867, 868 (1990).

The record supports the commission's finding that Drs. Wood and Melvin L. Heiman had fully explained to claimant the "benign and minimally invasive nature" of the cervical myelogram, which Dr. Wood had repeatedly recommended claimant undergo since April 1994.

Moreover, the commission, as fact finder, was entitled to reject Dr. Brill's opinion and claimant's testimony that claimant was psychologically unable to undergo the procedure. Notably, during the same period of time that claimant alleged he was mentally unable to undergo the relatively "benign" myelogram procedure, he managed to have the mental capacity to undergo major shoulder surgery. In light of this fact, the lack of any credible evidence of personal friction or distrust by claimant with Dr. Wood, and the lack of any psychological basis for claimant's initial refusals to undergo the cervical myelogram, the commission could reasonably infer that "claimant's alleged 'nerves' and mental attitude [were] raised . . . only as a pretext." Accordingly, the commission did not err in ruling that claimant unjustifiably refused to undergo the cervical myelogram.

For these reasons, we affirm the commission's decision.

Affirmed.