COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


KIM BRANCH HARRIS

MEMORANDUM OPINION[*]

v.      Record No. 0700-99-1          PER CURIAM
                                      SEPTEMBER 14, 1999

VIRGINIA BEACH GENERAL HOSPITAL AND
 MANUFACTURERS ALLIANCE INSURANCE COMPANY


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Jeffrey C. Flax; Kelberg, Childress & Flax,
P.C., on brief), for appellant.

(Richard E. Garriott, Jr.; Clarke, Dolph,
Rapaport, Hardy & Hull, P.L.C., on brief),
for appellees.


Kim Branch Harris (claimant) appeals from a ruling of the
Workers' Compensation Commission suspending claimant's benefits
on the ground that she unjustifiably refused medical treatment.
Upon reviewing the record and the briefs of the parties, we
conclude that this appeal is without merit.  Accordingly, we
summarily affirm the commission's decision.  See Rule 5A:27.

On appeal, we review the evidence in the light most
favorable to the prevailing party below.  See R.G. Moore Bldg.
Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788
(1990).  "Factual findings by the commission that are supported
by credible evidence are conclusive and binding upon this Court

---

    [*] Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

on appeal." Southern Iron Works, Inc. v. Wallace, 16 Va. App. 131, 134, 428 S.E.2d 32, 34 (1993).

So viewed, the evidence proved that claimant sustained a compensable back injury on December 31, 1991. Claimant's primary treating physician, Dr. Nasrollah Fatehi, subsequently diagnosed claimant with Reflex Sympathetic Dystrophy (RSD). In April 1997, Dr. Sidney Mallenbaum evaluated claimant and recommended that she be examined by physiatrist Dr. Lisa Barr. On May 19, 1997, Dr. Fatehi indicated that he did not object to claimant being evaluated by Dr. Barr, and wrote that "[i]f I agree with [Dr. Barr's] recommendation, I will encourage [claimant] to comply."

After examining claimant on July 10, 1997, Dr. Barr recommended:

> [A] coordinated, interdisciplinary approach
> to treatment through an outpatient
> Spineworks program. This would also include
> a series of selective right S1 nerve root
> blocks and osteopathic manipulation, the use
> of trigger point injections, and a
> coordinated approach of reconditioning that
> will also incorporate dural stretching, gait
> training, functional activities, and lumbar
> stabilization.

In her July 10, 1997 report, Dr. Barr indicated that she did not believe that claimant had RSD. She further opined that claimant's condition included "some degree of symptom magnification."

Claimant was upset that Dr. Barr questioned Dr. Fatehi's RSD diagnosis. She reported Dr. Barr's diagnosis to Dr. Fatehi who, on August 11, 1997, nevertheless "encouraged [claimant] to make an appointment with Dr. L. Barr for discussion regarding the proposed treatment and . . . told her to go along with Dr. L. Barr's recommendation."

Claimant returned to see Dr. Barr on September 9, 1997. Dr. Barr wrote that claimant reported "with an agenda and a very defensive posture." Claimant indicated that she did not trust Dr. Barr and that she was not interested in Dr. Barr's recommended program. Claimant testified that Dr. Barr's recommended program seemed like physical therapy, that she had previously undergone physical therapy, and that physical therapy had worsened her condition.

Kathy Farrahar contacted claimant the following day and extended claimant an offer from Dr. Barr to see one of two other physiatrists in Dr. Barr's office. Claimant did not, however, return to Dr. Barr's office. Thereafter, the employer, Virginia Beach General Hospital, filed an application for hearing alleging that claimant had unjustifiably refused medical treatment.

In a January 13, 1998 letter to claimant's attorney, Dr. Fatehi wrote that, "in [his] opinion, (especially in view of the failure of the previous trials of physical therapy) [he did] not

feel that [claimant] would benefit from this sort of treatment."
Dr. Fatehi specifically disagreed with Dr. Barr's conclusion
that claimant was not suffering from RSD.

Following a hearing, the deputy commissioner suspended
benefits on the ground that claimant had unjustifiably refused
medical treatment.  The full commission affirmed, finding that
Dr. Fatehi had specifically recommended that claimant follow Dr.
Barr's plan of treatment.  The commission discounted Dr.
Fatehi's subsequent change of heart.

> Code § 65.2-603(B) provides for the
> suspension of benefits if a claimant
> unjustifiably refuses medical treatment.
> "Once a physician is selected, it is well
> settled that an employee who is referred for
> additional medical services by the treating
> physician must accept the medical service or
> forfeit compensation for as long as the
> refusal persists."

Schwab Constr. v. McCarter, 25 Va. App. 104, 109, 486 S.E.2d
562, 564-65 (1997) (quoting Biafore v. Kitchin Equipment Co., 18
Va. App. 474, 479, 445 S.E.2d 496, 498 (1994)).  In addressing
this issue, "[t]he question is not whether the recommended
procedure was justified, but whether the patient's refusal to
submit to it was justified.  The matter of justification must be
considered from the viewpoint of the patient and in the light of
the information which was available to him."  Holland v.
Virginia Bridge & Structures, Inc., 10 Va. App. 660, 662, 394
S.E.2d 867, 868 (1990).

- 4 -

The record reflects that claimant's primary treating physician recommended that claimant undergo Dr. Barr's proposed treatment regimen. And although claimant testified that she did not think that Dr. Barr's treatment would help, the record also reflects that claimant had a conflict with Dr. Barr because of Dr. Barr's conclusion that claimant was not suffering from RSD. Especially considering Dr. Fatehi's August 11, 1997 recommendation that claimant pursue Dr. Barr's treatment plan, there is nothing in the record that tends to support claimant's concern that Dr. Barr's proposed course of treatment would be counter-productive. Moreover, sensing a personality conflict, Dr. Barr even offered to have claimant see another physiatrist in her practice. Accordingly, we cannot say that the commission erred when it held that claimant unjustifiably refused medical treatment.

Affirmed.
