COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Elder and Senior Judge Coleman
Argued at Chesapeake, Virginia


BETTY LOU OWEN
                                        MEMORANDUM OPINION* BY
v.    Record No. 0825-02-1           JUDGE JAMES W. BENTON, JR.
                                           DECEMBER 31, 2002
DAN RIVER, INC.

            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Karen M. Rye (Kenneth J. Coughlan; Law Office
            of Karen M. Rye, on brief), for appellant.

            James A.L. Daniel (Elizabeth B. Carroll;
            Daniel, Vaughan, Medley & Smitherman, P.C.,
            on brief), for appellee.


      This appeal follows our remand to the commission to

"determine whether [Betty Lou Owen's] refusal to undergo [a]

bone scan or pursue pain management was justified."  Dan River,

Inc. v. Owen, Record No. 2222-00-3 (Va. Ct. App. April 24,

2001).  The commission ruled that both refusals were

unjustified.  Owen contends the commission erred in that ruling

and in failing to find the refusals had been cured.  For the

reasons that follow, we reverse the commission's decision and

remand for partial reconsideration.

_____

      * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Following our remand to the commission, a deputy commissioner held a "hearing on the record" as permitted by the commission's rules.  The deputy commissioner's opinion notes that the record establishes "Owen testified that she did not refuse the bone scan . . . [and that] Dr. Cohen told her the bone scan was not necessary."  Ruling that Owen unjustifiably refused the bone scan, the deputy commissioner indicated he was "rely[ing] on Dr. Cohen's April 20, 1998, office note in which he stated that Owen refused the bone scan because it was too expensive."  Moreover, finding that Dr. Cohen "asked [Owen] if she wanted to see . . . a pain management [specialist], but [Owen] and her husband both refuse this," the deputy commissioner ruled that Owen unjustifiably refused pain management treatment.

On review of the deputy commissioner's opinion, the commission specifically found that "Dr. Cohen's notes reflect . . . [that] 'Owen and her husband adamantly refused the bone scan.  They said it was too expensive.'"  The commission also found, however, that when Owen testified, she "denied refusing to undergo the bone scan procedure."  The commission further found that Dr. Cohen reported that he "asked [Owen] if she wanted to see . . . a pain management doctor, but [she] and her husband both refused this."  On these bases, the commission affirmed the deputy commissioner's decision.

The record established that when Dr. Cohen broached the issue of the bone scan with Owen, Dan River had denied coverage and was not providing treatment to Owen as required by the Act. That circumstance, however, does not insulate Owen from Dan River's defense that she unjustifiably refused treatment offered by the physician she selected. See Chesapeake Masonry Corp. v. Wiggington, 229 Va. 227, 327 S.E.2d 121 (1985).

The record also established that Dr. Cohen's notes indicate Owen refused the treatment "because it was too expensive." Both the deputy commissioner and the commission relied on this evidence. The commission made no finding, however, whether this was a legitimate and justifiable basis to refuse the bone scan. Obviously, if Owen had to bear the expense of the procedure and the expense was financially burdensome to her, that fact would bear upon the justification of her refusal. The commission has ruled under other circumstances that economic adversity or financial burden justifies a refusal of services. See e.g., Dotson v. F.A. Bartlett Tree Expert Co., 71 Va. WC 277, 278 (1992) (ruling that an employee justifiably refused selective employment that required a lengthy commute and did not provide reimbursement for expenses); Guthrie v. Ken Hurst Firearms Engraving Co., 65 Va. WC 221, 222 (1986) (ruling that an employee justifiably refused selective employment that would cause "economic adversity"); Markell v. Falls Church Bowling

<u>Center</u>, No. 1384794 (Va. Workers' Comp. Commission, May 30, 1997) (ruling that the employee was justified in refusing to attend a medical examination when the employer failed to advance travel expenses).

The rule is well established that "[t]he matter of justification must be considered from the viewpoint of the [employee] and in light of the information which was available to her."  <u>Holland v. Virginia Bridge Structure, Inc.</u>, 10 Va. App. 660, 662, 394 S.E.2d 867, 868 (1990).  If, from Owen's viewpoint, the expense of the bone scan was the basis for her refusal, and Dan River gave her no indication that it would pay, then that circumstance would appear to be a factor in determining whether Owen's refusal was justified.  We hold, therefore, that the commission erred in not addressing whether Owen's statement to Dr. Cohen concerning the expense of the test was a justifiable basis to refuse the treatment.

The record also strongly indicates Dr. Cohen did not prescribe pain management but only gave Owen the option to pursue it.  His notes reflect that he "asked her <u>if</u> she wanted to see . . . a pain management doctor."  (Emphasis added).

> Code § 65.2-603(B) provides for the suspension of benefits if a claimant unjustifiably refuses medical treatment. "Once a physician is selected, it is well settled that an employee who is <u>referred</u> for additional medical services by the treating physician must accept the medical service or forfeit compensation for as long as the refusal persists."

- 4 -

Schwab Construction v. McCarter, 25 Va. App. 104, 109, 486 S.E.2d 562, 564-65 (1997) (emphasis added) (citation omitted). We find no evidence in the record or in the commission's opinion that Dr. Cohen made a referral or said to Owen that this was a mandatory course of action. By giving Owen the option to either pursue or not pursue the treatment, Dr. Cohen did not require her to consider the consequences of selecting the action that suited her choice.

We are required to construe Code § 65.2-603 "liberally in favor of the [employee], in harmony with the Act's humane purpose." Papco Oil Co. v. Farr, 26 Va. App. 66, 74, 492 S.E.2d 858, 862 (1997). The record contains no credible evidence to suggest that Owen was referred, as that term is commonly understood, to a pain management doctor. From the evidence in the record and viewed from Owen's perspective, Dr. Cohen gave Owen the option to either seek or not seek pain management treatment. Absent some other factor or explanation on the record, the exercise of that choice does not denote unjustified refusal. We hold, therefore, that the commission erred in ruling that Owen's decision not to pursue pain management treatment was an unjustified refusal of medical treatment.

Owen further contends that the commission erred in finding that any refusal had been cured. The record does not indicate that Owen raised this issue when she filed her request for

review before the commission.  Accordingly, Rule 5A:18 bars our consideration of this issue on appeal.

For these reasons, we reverse the commission's ruling that Owen unjustifiably refused pain management treatment, and we reverse and remand to the commission to reconsider whether Owen was justified in refusing the bone scan.

<u>Reversed and remanded</u>.