COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Chief Judge Felton, Judges Elder and Petty
Argued by teleconference


7-ELEVEN AND INDEMNITY INSURANCE
  COMPANY OF NORTH AMERICA

                                                    MEMORANDUM OPINION[*] BY
v.      Record No. 1722-12-2                        JUDGE LARRY G. ELDER
                                                    MARCH 26, 2013

CAROLYN FORE


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Kathryn Lea Harman (Joseph F. Giordano; Semmes, Bowen &
        Semmes, P.C., on briefs), for appellants.

        Thomas J. Schilling (Schilling & Esposito, PLLC, on brief), for
        appellee.


        7-Eleven and Indemnity Insurance Company of North America (collectively, employer)

appeal a decision of the Workers' Compensation Commission (commission) reinstating disability

benefits to Carolyn Fore (claimant), contending she unjustifiably refused medical treatment.[1]

Because claimant's concerns regarding the painful nature of the surgery and the lack of adequate

assurances of full recovery support the commission's findings, we affirm the commission's

reinstatement of disability benefits.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] We have consolidated employer's three assignments of error because each one
addresses the issue of whether claimant was justified in refusing medical treatment.

BACKGROUND

We view the evidence in the light most favorable to claimant, who prevailed below. See Westmoreland Coal v. Russell, 31 Va. App. 16, 20, 520 S.E.2d 839, 841 (1999). So viewed, the evidence shows that on July 13, 2008, claimant sustained a compensable injury to her right knee during the course of her employment as an assistant manager for employer. As a result, she received temporary total disability benefits beginning July 21, 2008. On August 29, 2008, claimant's treating physician, Dr. Geoffrey Higgs, performed surgery on claimant's knee. Because claimant continued to experience pain, Dr. Higgs recommended a Fulkerson osteotomy as "the only reasonable option" to alleviate claimant's knee pain. In a follow-up examination on June 29, 2010, Dr. Higgs repeated his recommendation to claimant for an osteotomy because an "abundant amount of literature . . . supports avocation of a Fulkerson osteotomy to decrease the patient's symptoms of pain and allow her a higher level of function with flexion activity." Claimant, however, refused to schedule an appointment to undergo the osteotomy "[b]ecause [the surgery] hurts and it's not guaranteed that it will make [the pain] better." As a result, the employer filed an application to suspend claimant's benefits, alleging that she unjustifiably refused medical treatment.

The deputy commissioner granted the employer's application and suspended claimant's benefits. The commission reversed and reinstated compensation benefits, finding that claimant was justified in refusing to undergo a second surgery. The commission "accept[ed] the claimant's testimony as credible and believe[d] that the surgery is quite extensive with substantive risks." The commission concluded that claimant's reluctance to go through with the surgery was "based on her desire to avoid pain and rehabilitation combined with the possibility

of an unsuccessful outcome given the results of the first surgery." On that basis, it held the refusal to undergo the osteotomy was justified. This appeal followed.

II.

ANALYSIS

Employer argues the evidence does not support the commission's conclusion that claimant justifiably refused medical treatment because the second surgery was the only option claimant's treating physician had recommended that would restore her to working capacity, and because claimant offered only her "own subjective apprehension" that the surgery would be painful. Employer contends Dr. Higgs' inability to guarantee a favorable result from the procedure cannot justify a refusal to seek treatment because no patient can receive a guarantee from a physician that a particular surgery will be entirely successful.

Code § 65.2-603 provides in relevant part as follows:

> The unjustified refusal of the employee to accept . . . medical service or vocational rehabilitation services when provided by the employer shall bar the employee from further compensation until such refusal ceases and no compensation shall at any time be paid for the period of suspension unless, in the opinion of the Commission, the circumstances justified the refusal. In any such case the Commission may order a change in the medical or hospital service or vocational rehabilitation services.

"If medical care required under Code § [65.2-603] is refused, further compensation is suspended unless the refusal is justified or until the refusal is cured." Richmond Mem'l Hosp. v. Allen, 3 Va. App. 314, 317, 349 S.E.2d 419, 421 (1986).

"The matter of justification must be considered from the viewpoint of the patient and in light of the information [that] was available to [her]." Holland v. Va. Bridge & Structures, Inc., 10 Va. App. 660, 662, 394 S.E.2d 867, 868 (1990). "Justification is a factual determination made upon an objective view of all the circumstances as they reasonably appeared to the claimant." R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 213, 390 S.E.2d 788, 789

- 3 -

(1990). "By statute, the commission's factual findings are conclusive and binding on this Court when those findings are based on credible evidence." City of Waynesboro v. Griffin, 51 Va. App. 308, 312, 657 S.E.2d 782, 784 (2008); see Code § 65.2-706. "In determining whether credible evidence exists," this Court will not "retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

The commission is not required to accept a claimant's bare fear of a particular medical treatment as sufficient justification. However, circumstances may explain the claimant's apprehension and provide the requisite justification for the refusal of medical treatment. In Mullins, the claimant injured her right ankle and underwent surgery to correct the problem. 10 Va. App. at 212-13, 390 S.E.2d at 789. The injury, which her treating physician characterized as "very painful," required the claimant to use a cane to walk. Id. The claimant was also treated by a psychiatrist due to her depression, anxiety, and constant pain associated with her injury. While undergoing an independent medical examination, the physician attempted to administer a stress test, but the claimant refused because her treating physician told her to do no stretching or bending and "she was genuinely in fear of the testing." Id. at 213, 390 S.E.2d at 789. We held that these facts supported the commission's conclusion that the claimant was justified in refusing to take the stress test. Id.

In this case, specific evidence in the record explains claimant's refusal to undergo the osteotomy. As a result of the first surgery, claimant suffered extreme pain that left her debilitated for a week. After having this painful experience, claimant was informed that she would have to undergo a second surgery that her treating physician described as "brutal."[2]

---

[2] Dr. Higgs explained the procedure to claimant, which would have required Dr. Higgs to "cut through [the] bones and rearrange them back to the knee cap to take pressure off of the knee where [there] had been pressure."

- 4 -

Although the osteotomy is "frequently" used to treat knee injuries such as claimant's, "[t]he dispositive question is not whether the test was justified in [the treating physician's] professional opinion, or even from an objective medical point of view." Mullins, 10 Va. App. at 213, 390 S.E.2d at 789. Rather the test required the commission to evaluate the evidence "from the viewpoint of the patient." Holland, 10 Va. App. at 662, 394 S.E.2d at 868. From claimant's perspective, her treating physician was asking her to undergo a second, even more painful surgery. In fact, Dr. Higgs was unable to guarantee the same probability of success for the second surgery.[3] Although the lack of a guarantee should not automatically entitle a claimant to refuse a procedure, the circumstances in this case elevated claimant's concerns into a justifiable refusal. Thus, the evidence establishes claimant's "genuine fear" and supports the commission's factual finding that she was justified in refusing the osteotomy.

III.

CONCLUSION

Credible evidence supports the commission's finding that claimant was justified in refusing to undergo the osteotomy. We therefore affirm the reinstatement of claimant's disability benefits.

Affirmed.

---

[3] Dr. Higgs acknowledged that despite the high probability of success of the first operation, claimant continued to experience debilitating pain in her right knee.