## Norfolk

### ELMER R. GREEN

v.

### WARWICK PLUMBING & HEATING CORPORATION, et al.

No. 1459-86

Decided January 19, 1988

COUNSEL

Gerald G. Poindexter (Gail P. Clayton, Poindexter and Poindexter, on brief), for appellant.

William S. Sands, Jr. (White, Johnson and Lawrence, on brief), for appellees.

OPINION

**BARROW, J.** — This is an appeal from a decision of the Industrial Commission which terminated an employee's compensation benefits because the employee, without the employer's prior knowledge or consent, released a third-party tort-feasor from liability for injuries arising out of an automobile accident which exacerbated the employee's work-related disability. Since the release of the third party impaired the employer's right to subrogation, we conclude that the commission correctly terminated the employee's compensation benefits.

The employee injured his back in a work-related accident on May 3, 1983, and, unable to return to work, he received compensation until benefits were terminated by the commission. On March 22, 1984, he was involved in an automobile accident, unrelated to his employment, which exacerbated his original injuries. The employee's treating physician described the automobile acci-

dent as playing a pivotal role in the employee's recovery. The doctor said that, if the automobile accident had not occurred, he would have waited one full year after the employee's second laminectomy on February 24, 1984, before deciding whether or not the employee could return to work. He added, however, that he had no reason to believe that the employee would have been unable to return to his employment after that time. After the automobile accident, the physician determined that the employee would not be able to return to his pre-injury employment.

The employee entered into an agreement settling all claims against the driver of the automobile for $20,000. Although the employer's insurer had asserted a lien against any possible settlement, neither the employer nor its insurer consented to the settlement or were notified of it before it occurred.

Consequently, the employer filed an Application for Hearing and requested that benefits be suspended since the employee had "made a tort recovery." The deputy commissioner terminated benefits on August 22, 1986, and the commission affirmed the order.

■ The employer remained liable to the employee for compensation even though he was injured in the intervening automobile accident. An employee is entitled to continued compensation, in spite of an intervening accident, if the intervening accident exacerbates the original injury. *Fairfax Hospital v. DeLaFleur*, 221 Va. 406, 409, 270 S.E.2d 720, 722 (1980).

■ The employer was subrogated to the rights of the employee against the person who injured the employee in the automobile accident. Generally, an employer is subrogated to the rights of an employee against any other party causing an injury or death for which the employer is required to provide compensation under the Workers' Compensation Act. Code § 65.1-41. This requirement prevents an employee from obtaining a double recovery of funds paid by an employer and by a third party. *Noblin v. Randolph*, 180 Va. 345, 359, 23 S.E.2d 209, 214 (1942). No distinction is made between the liability of a third person who causes an original injury and one who causes an aggravation of an injury. *Fauver v. Bell*, 192 Va. 518, 527, 65 S.E.2d 575, 581 (1951). In either case, an employee is entitled to compensation from his or her employer, and an employer is subrogated to the rights of its

employee against a third party who injures the employee. *Id.*

In this case the employer did not have an opportunity to subrogate its claim because the employee settled his personal injury suit with the third party defendant without notice to or consent of the employer. When an employer's right to subrogation is defeated by an employee's settlement with a third party without the knowledge or consent of the employer, the employee's benefits under the Workers' Compensation Act are terminated. *Safety-Kleen Corp. v. Van Hoy*, 225 Va. 64, 69, 300 S.E.2d 750, 753 (1983). This rule protects against an employee's settlement with a third party for less than the employer's liability for compensation. Such a settlement would extinguish, at least in part, the employer's opportunity to obtain full reimbursement from the third party. *Id.* at 70, 300 S.E.2d at 754.

This rationale applies to the present case. Prior to the automobile accident, the treating physician had no reason to believe that the employee would not be able to return to work, but following the automobile accident he concluded that the employee would never be able to return to his pre-injury employment. Therefore, the deputy commissioner concluded, and the full commission affirmed, that the automobile accident significantly affected the employee's recovery. At the time of the automobile accident, the employee had received 45 1/7 weeks of compensation but was entitled to a maximum of 500 weeks; therefore, the employer's potential liability for compensation benefits alone exceeded $90,000, far more than the $20,000 the employee received in his settlement. Thus, the settlement extinguished any right the employer and its insurer might have had to seek full reimbursement from the third party for compensation benefits the employer would have to pay. The employee's compensation benefits, therefore, should be terminated because of his failure to give the employer prior notice of the proposed settlement or to obtain its consent to it.

The employee contends that the failure of the employer to pay medical expenses arising from the automobile accident or to intervene in his suit against the third party should prevent the employer from asserting the settlement as a ban to further compensation. The employer continued to pay compensation for disability exacerbated by the automobile accident but asserted that it had no responsibility for additional medical expenses. The employee

never disputed this issue before the commission; therefore, we will not consider it here. Rule 5A:18; *Audobon Tree Service v. Childress*, 2 Va. App. 35, 39, 341 S.E.2d 211, 213-14 (1986). In addition, impairment of the right of subrogation through settlement without knowledge or consent of the employer results in termination of compensation benefits even though an employer may have knowledge of the pending third party action. *Safety-Kleen Corp. v. Van Hoy*, 225 Va. at 71, 300 S.E.2d at 754.

The employee also contends that the evidence was insufficient to support the commission's findings of fact. The only disputed factual finding was that the employee's injuries from the automobile accident prolonged his disability and resulted in additional medical treatment. Evidence from the treating physician sufficiently supported this finding; therefore, we cannot conclude that the commission's finding was plainly wrong.

We conclude that the employee's compensation benefits should be denied because the employee's settlement with a third party tort-feasor, whose actions exacerbated the employee's earlier work-related injury, impaired the employer's right to subrogation.[1] Therefore, the decision of the commission is affirmed.

*Affirmed.*

Baker, J., and Moon, J., concurred.

---

[1] Since the employer's right to subrogation was limited to benefits arising as a result of the exacerbation of the original injury and did not include benefits attributable only to the original injury, the commission's decision terminated only those benefits arising as a result of the exacerbation of the original injury.