COURT OF APPEALS OF VIRGINIA


Present:  Judges Koontz, Bray and Senior Judge Hodges


CHRISTOPHER W. WRIGHT
                                              MEMORANDUM OPINION*
v.    Record No. 2421-94-1                         PER CURIAM
                                                 JUNE 27, 1995
RICHARDSON WAYLAND ELECTRICAL CORP.
AND
PENNSYLVANIA MANUFACTURERS ASSOCIATION
 INSURANCE COMPANY


                                      FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION
              (Karen M. Rye, on brief), for appellant.

              (Cecil H. Creasey, Jr.; Jennifer G. Marwitz; Sands,
              Anderson, Marks & Miller, on brief), for appellees.


        Christopher W. Wright contends that (1) the Workers'
Compensation Commission erred in refusing to assess a twenty-
percent penalty, pursuant to Code § 65.2-524, upon the late
payment of a prior twenty-percent penalty by the Richardson
Wayland Electrical Corp. ("employer") and its insurance carrier;
and (2) that the commission was not properly assembled in
accordance with Code § 65.2-704.  The employer and insurance
carrier ask that this Court assess sanctions against Wright
and/or his counsel, pursuant to Code § 8.01-271.1 or Rule 1.4 of
the Rules of the Supreme Court of Virginia, for pursuing a
frivolous appeal.  Upon reviewing the record and the briefs of
the parties, we find that this appeal is without merit.

_____

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Accordingly, we summarily affirm the commission's decision.  Rule 5A:27.

## I.  Penalty

On August 8, 1994, Wright filed a motion asking the commission to issue an order directing the employer and its insurance carrier to show cause why they should not be adjudged in contempt for their willful and wanton failure to timely pay a twenty-percent penalty assessed by the commission, and for an award of attorneys' fees and costs.[1]  Wright did not argue to the commission that the employer/insurance carrier should be assessed a twenty-percent penalty pursuant to Code § 65.2-524 in addition to the previously assessed twenty-percent penalty.  In fact, in Wright's October 10, 1994 notice of review letter, he agreed that no "further penalty can be assessed under the statute."

An issue that is not disputed before the commission will not be considered on appeal.  Green v. Warwick Plumbing & Heating Corp., 5 Va. App. 409, 413, 364 S.E.2d 4, 6 (1988); Rule 5A:18.  Because Wright did not request the assessment of an additional twenty-percent penalty before the commission, we will not consider this issue for the first time on appeal.

## II.  Commission

---

[1]On June 7, 1994, this Court affirmed a Code § 65.2-524 twenty-percent penalty assessed against the employer and insurance carrier by the commission on September 13, 1993 for failure to make timely payments pursuant to a compromise settlement order.

Code § 65.2-704(B) provides that "[a]ny member of the Commission who hears the parties at issue and makes an award under the provisions of subsection A of this section shall not participate in a rehearing and review of such award provided under § 65.2-705."

Chief Deputy Commissioner Link, Commissioner Tarr, and Commissioner Joyner rendered the November 10, 1994 review opinion which is the subject of this appeal. Wright contends that Chief Deputy Commissioner Link should not have participated in the review decision. This argument is without merit.

Wright's show cause motion was denied by the commission's claims examiner. Chief Deputy Commissioner Link did not participate in the claims examiner's decision to deny Wright's show cause motion. In addition, Chief Deputy Commissioner Link's October 24, 1994 letter did not address the merits of Wright's show cause order, which had been previously denied by the claims examiner.

Accordingly, we find that the commission was properly assembled and did not violate Code § 65.2-704(B).

### III. Sanctions

The request of the employer and insurance carrier for an assessment of sanctions against Wright and/or his counsel, pursuant to Code § 8.01-271.1 or Rule 1.4, is denied.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>

3