COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


GLORIA JACKSON HICKS

                                        MEMORANDUM OPINION*
v.    Record No. 1090-96-1                   PER CURIAM
                                           OCTOBER 8, 1996
nVIEW CORPORATION
AND
COMMERCIAL UNION INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             (Gloria Jackson Hicks, pro se, on briefs).

             (Charles F. Midkiff; Scott C. Ford; Midkiff &
             Hiner, on brief), for appellees.


     Gloria Jackson Hicks ("claimant") contends that the Workers'

Compensation Commission ("commission") erred in finding that (1)

her failure to give timely notice to nView Corporation

("employer") as required by Code § 65.2-600 barred her claim

alleging an April 18, 1995 injury by accident; (2) she failed to

prove an April 18, 1995 injury by accident arising out of and in

the course of her employment; and (3) employer's failure to file

an Employer's First Report of Accident concerning her October 12,

1992 industrial accident did not toll the applicable statute of

limitations.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

_____

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Code § 65.2-600 prohibits an employee from receiving compensation or physician's fees unless the employee has given the employer written notice of the accident, or the employer had knowledge of the accident. Additionally, an employee must furnish the employer written notice within thirty days of the accident in order to receive compensation, "unless reasonable excuse is made to the satisfaction of the Commission for not giving such notice and the Commission is satisfied that the employer has not been prejudiced thereby." Code § 65.2-600(D).

The full commission affirmed by reference the deputy commissioner's conclusion that claimant failed to meet her burden of proving timely notice. The deputy commissioner found that claimant did not give notice to employer of her alleged April 18, 1995 industrial accident until June 28, 1995, more than thirty days after the accident allegedly occurred.

Claimant testified that on April 18, 1995, she told her supervisor, Jeanette Weaver, that she was going home due to back pain. Claimant also stated that she called Weaver later that day and told her that she would not be coming into work due to back pain. Claimant admitted that she did not tell Weaver on either occasion that she had sustained an accident at work that day resulting in a back injury. Claimant conceded that the first time she gave employer notice of the alleged April 18, 1995 accident was on June 28, 1995, when she filed her claim for benefits. Weaver and Carol Wilson, employer's former human

2

resources director, testified that claimant told them on April 18, 1995, that she could not work due to back pain related to an October 1992 injury.

The testimony of claimant, Weaver, and Wilson provides credible evidence to support the commission's finding that claimant did not give employer notice of her April 18, 1995 accident within thirty days of its occurrence. Therefore, we may not disturb this finding on appeal. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

The deputy commissioner also found that claimant offered no excuse or justification for her failure to give timely notice. The burden for showing a reasonable excuse for failure to give timely notice is upon the claimant. Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 896, 407 S.E.2d 32, 36 (1991). Unless we can say as a matter of law that claimant's evidence was sufficient to sustain her burden proving a reasonable excuse, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Claimant presented no evidence to explain why she failed to give employer timely notice of the alleged April 18, 1995 accident. Therefore, we cannot find as a matter of law that she met her burden of proof. Accordingly, we find that the commission did not err in ruling that claimant's application alleging an April 18, 1995 injury by accident was barred because

claimant failed to give employer timely notice as required by Code § 65.2-600.

Claimant did not argue before the commission that her April 18, 1995 injury was causally related to an October 12, 1992 injury by accident, and that the statute of limitations with respect to that accident was tolled because employer failed to file an Employer's First Report of Accident. Accordingly, we will not consider these issues for the first time on appeal. See Green v. Warwick Plumbing & Heating Corp., 5 Va. App. 409, 413, 364 S.E.2d 4, 6 (1988); Rule 5A:18. Moreover, because our ruling on claimant's first question presented disposes of this appeal, we need not address claimant's other questions presented.

For the reasons stated, we affirm the commission's decision.

Affirmed.

4