COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


WRANGLER\VF CORPORATION

                                        MEMORANDUM OPINION[*]
v.   Record No. 1634-96-3                   PER CURIAM
                                         NOVEMBER 12, 1996
BONNIE MAE WOODWARD


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (J. David Griffin; Fowler, Griffin, Coyne &
            Coyne, on briefs), for appellant.

            (Terry L. Armentrout; Armentrout & Armentrout,
             on brief), for appellee.



        Wrangler, Inc. ("employer") appeals from a decision of the

Workers' Compensation Commission ("commission") awarding Bonnie

M. Woodward ("claimant") temporary total disability benefits

commencing April 18, 1995.  Employer contends that the commission

erred in finding that (1) claimant was totally disabled after

April 20, 1995, and therefore, did not unjustifiably refuse

selective employment offered to her by employer on April 20,

1995; and (2) claimant's disability was causally related to her

compensable April 17, 1995 injury by accident.  Pursuant to Rule

5A:21(b), claimant raises the additional question of whether the

commission erred in finding that employer offered claimant a

valid panel of physicians from which to choose a treating

physician.  Finding no error, we affirm the commission's

decision.

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal if supported by credible evidence. James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In awarding temporary total disability benefits to claimant and ruling that claimant was not obligated to accept light-duty employment offered to her by employer on April 20, 1995, the commission found as follows:

> The medical evidence indicates that Dr. [Fang] Horng took the claimant out of work from April 18 until April 25, 1995, when he released her to light duty. In a subsequent note of April 24, 1995, he indicated that she would be totally disabled from April 26, 1995, until an MRI was performed.
> On May 2, 1995, the claimant selected Dr. [James W.] Feeley as her treating physician, who referred her to Dr. [Frederick L.] Fox. Based on the medical evidence, she is entitled to temporary total disability benefits until May 10, 1995, when she was released to light duty [by Dr. Fox]. Although we find the treatment rendered by Drs. Fox and Feeley to be unauthorized, we accept their opinions regarding disability to be persuasive.

The medical records and opinions of Drs. Horng, Feeley, and Fox provide credible evidence to support the commission's decision. As fact finder, the commission was entitled to give little weight to the April 18, 1995 report of Robin Rider, a certified nurse practitioner employed by Dr. G. Gregory Ross. In

the report, Rider released claimant to return to light-duty work on April 20, 1995. No evidence indicated whether Dr. Ross approved of this release. "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). Moreover, "[t]he fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

## II.

On appeal, employer argues that the commission erred in finding that claimant's continuing disability was causally related to her compensable injury by accident, rather than to her October 1995 hospitalization due to a prescription drug overdose. Employer did not raise this issue before the commission. Accordingly, we will not consider it for the first time on appeal. Green v. Warwick Plumbing & Heating Corp., 5 Va. App. 409, 413, 364 S.E.2d 4, 6 (1988); Rule 5A:18.

## III.

Claimant's supervisors, Linda Cook and Angela Brumbeck, testified that, on the day after claimant's accident, they offered her a panel of physicians, from which she chose Dr. Ross as her treating physician. Claimant denied selecting Dr. Ross as her treating physician. Rather, she contended that employer told

3

her to go to Dr. Ross. The commission accepted the testimony of Cook and Brumbeck. It is well settled that the determination of a witness' credibility is within the fact finder's exclusive purview. <u>Goodyear Tire & Rubber Co. v. Pierce</u>, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). The testimony of Cook and Brumbeck constitutes credible evidence to support the commission's finding that claimant selected Dr. Ross as her treating physician from a panel offered to her by employer, and that the treatment rendered by Drs. Feeley and Fox was unauthorized.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>

4