COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


JIMMIE ROGER TESTER

v.         Record No. 1836-96-3          MEMORANDUM OPINION[*]
                                             PER CURIAM
JIMMIE ROGER TESTER TRUCKING            FEBRUARY 18, 1997
AND
LIBERTY MUTUAL INSURANCE COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (John A. Martin; Browning, Lamie & Sharp, on
               brief), for appellant.

               (Monica L. Taylor; Christopher M. Kite;
               Gentry, Locke, Rakes & Moore, on brief), for
               appellees.


     Jimmie Roger Tester (claimant) contends that the Workers'

Compensation Commission (commission) erred in finding that his

claim for benefits under Code § 65.2-400 for coal miner's

pneumoconiosis filed on June 24, 1995 was barred by the statute

of limitations contained in Code § 65.2-406(A)(1).  Claimant

argues that the commission's consideration on the merits of his

previous claim for benefits for coal miner's pneumoconiosis filed

on March 21, 1994, rendered the statue of limitations issue moot,

subject to the doctrine of res judicata.  Upon reviewing the

record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

_____

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Claimant did not argue before the deputy commissioner or the full commission that the doctrine of <u>res</u> <u>judicata</u> prevented it from invoking the statue of limitations with respect to his claim filed on June 24, 1995. Therefore, we cannot consider this argument for the first time on appeal. <u>See</u> <u>Green v. Warwick Plumbing & Heating Corp.</u>, 5 Va. App. 409, 413, 364 S.E.2d 4, 6 (1988); Rule 5A:18. In addition, claimant did not appeal the commission's findings with respect to the merits of employer's statute of limitations defense nor did he appeal the commission's finding that the medical evidence failed to establish that he had contracted a compensable level of coal workers' pneumoconiosis. Accordingly, these findings have become final. Therefore, they are binding and conclusive upon this Court.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>