COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


CHARLES FRANCIS CARTER

                                    MEMORANDUM OPINION[*]
v.   Record No. 2277-96-4              PER CURIAM
                                      MARCH 4, 1997
ARLINGTON COUNTY FIRE DEPARTMENT


             FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             (Charles F. Carter, pro se, on briefs).

             (Susan A. Evans; Siciliano, Ellis, Dyer &
             Boccarosse, on brief), for appellee.


        Charles Francis Carter contends that the Workers'

Compensation Commission erred in finding that (1) his August 14,

1995 claim for disability benefits for an occupational disease

was barred by the two-year statute of limitations contained in

Code § 65.2-406; (2) Arlington County Fire Department (employer)

was not responsible for the cost of certain automobile air

conditioner and home air conditioner repairs as reasonable and

necessary medical expenses pursuant to Code § 65.2-603; and (3)

employer was not required to reimburse Carter in the amount of

$169.23 for "RX by-mail administrative cost."  In his brief,

Carter raises numerous other issues which we will not consider on

appeal because they were either not disputed before the

commission or the evidence in question was not properly before

the commission when it rendered its decision.  See Green v.

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Warwick Plumbing & Heating Corp., 5 Va. App. 409, 413, 364 S.E.2d 4, 6 (1988); Rule 5A:18.

Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. Rule 5A:27.

## I.

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Unless we can say as a matter of law that Carter's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

On appeal, Carter argues that the commission erred in failing to find that employer was estopped from relying upon the statute of limitations. Carter also argues that the doctrine of imposition applied to toll the statute of limitations. Carter's arguments revolve around the fact that Carter signed two memoranda of agreement in which he agreed to accept a medical benefits only award for expenses related to his occupational disease of asthma. In ruling upon this issue, the commission found as follows:

> There was no issue of fraud before the Deputy Commissioner. It was noted that two Memorandums of Agreement had been signed by the claimant on May 2 and May 13, 1991. These agreements provided for medical treatment only for the occupational disease. The Deputy Commissioner specifically held

2

that these agreements did not preclude a
claim for wage loss.  However, no claim for
wage loss was filed within two years from the
accident date of December 20, 1990.  That
claim is now clearly time-barred, as held by
the Deputy Commissioner.  There was no
allegation or evidence offered regarding
fraud.

The record contains no evidence of fraud by employer in

procuring the memoranda of agreement or any evidence upon which

to invoke the doctrines of estoppel or imposition.  Based upon

the lack of such evidence, we cannot find as a matter of law that

Carter proved that the statute of limitations was tolled.

Accordingly, the commission did not err in finding Carter's claim

for disability benefits related to his occupational disease of

asthma was barred by the two-year statute of limitations.

II.

Carter argues on appeal that the commission erred in not

holding employer responsible for the cost of automobile air

conditioner repair bills incurred by Carter prior to December 15,

1994 and for home air conditioner repair bills incurred on

February 18, 1995 and July 25, 1995.

In an opinion dated November 18, 1994, the commission ruled

that Dr. Deborah L. Gofreed's May 13, 1993 prescription and

August 23, 1993 letter did not constitute sufficient evidence to

establish that the May 21, 1993 repair to claimant's automobile

air conditioner was reasonable and necessary medical treatment.

This Court held in an order dated June 6, 1995 (Record No.

2661-94-4), that Carter did not note a timely appeal from the

November 18, 1994 decision. Thus, that decision was final. Therefore, the commission did not err in finding that it could not address Carter's claims for reimbursement for automobile air conditioner expenses incurred prior to December 15, 1994, when Dr. McCabe opined that automobile air conditioning was medically necessary.

With respect to Carter's claim for reimbursement for home air conditioner repair expenses, there was no evidence before the commission to establish that such air conditioning was reasonable and medically necessary. Absent evidence proving the medical necessity of a home air conditioner, we cannot find as a matter of law that Carter's evidence proved employer was responsible for the cost of the home air conditioner repair. Accordingly, the commission did not err in denying Carter reimbursement for repair costs associated with his home air conditioner.

In his brief, Carter refers to other air conditioning repair bills which were not before the commission. On appeal, we will not consider any evidence or any theories of recovery which were not properly before the deputy commissioner or the commission. Green, 5 Va. App. at 413, 364 S.E.2d at 6; Rule 5A:18.

### III.

Carter does not point to any provision of the Workers' Compensation Act that provides for an award of costs identified as "RX by-mail administration cost." Moreover, Carter did not provide any evidence substantiating such costs. Accordingly, the

4

commission did not err in finding these costs not compensable under the Act.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>