COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


THOMAS HODGE
                                         MEMORANDUM OPINION[*]
v.   Record No. 0817-98-2                    PER CURIAM
                                         SEPTEMBER 8, 1998
GREAT COASTAL EXPRESS AND PACIFIC
 EMPLOYERS INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Robert L. Flax; Flax, Billy & Stout, on
                brief), for appellant.

                (David L. Epperly, Jr.; Epperly, Follis &
                Schork, on brief), for appellees.



        Thomas Hodge ("claimant") contends that the Workers'

Compensation Commission ("commission") erred in (1) suspending

his award of compensation benefits as of January 14, 1997,

because he unjustifiably refused selective employment; (2) not

allowing him to proffer pertinent evidence; and (3) not finding

that he cured any unjustified refusal of selective employment.

Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  See Rule 5A:27.

            I.  Unjustified Refusal of Selective Employment

        On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Findings of fact made by the commission will be upheld on appeal if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

It was undisputed that Jenny Money, the rehabilitation counselor assigned to claimant's case, found employment for claimant at Young Express that fell within claimant's restrictions.

Paul Gattal, who worked for Young Express in September 1996 as the personnel and safety director, testified that claimant was hired by Young Express as a night dispatcher. Gattal testified that claimant resigned from his job with Young Express after giving the company an "ultimatum" that he would quit unless he was permitted to go on a planned annual fishing trip on September 22, 1996. Gattal denied that Young Express had a policy allowing a worker to take time off by obtaining a replacement worker. Gattal acknowledged that claimant had done that on a previous occasion and that claimant had been counselled not to follow that procedure in the future. Gattal stated that Young Express required its employees to request time off by submitting a written request form, which had to be approved by an individual's supervisor and the general manager. No such form existed in claimant's personnel record. In addition, nothing in claimant's personnel file indicated that he had ever complained about his job or the company's business practices.

Claimant admitted that he resigned from his selective

employment because Young Express would not allow him to take the day off from work on September 22, 1996 to go fishing.

In granting employer's application, the commission found as follows:

> [T]he evidence establishes that the claimant resigned when he was denied time off from work, not because of incidents regarding the credit card or instructions to drivers or the condition of the equipment. We conclude that the reason for the claimant's resignation does not constitute justification for refusing selective employment.

Gattal's testimony, claimant's personnel file, and claimant's admission that he resigned from his selective employment because Young Express would not allow him to take a day off to go fishing constitute credible evidence to support the commission's finding that claimant unjustifiably refused selective employment. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

## II. Evidence

We find no merit in claimant's contention that the commission erred in refusing to allow him to proffer evidence regarding Gattal's alleged statements to claimant before the hearing that Gattal quit Young Express because of its unsafe and dishonest business practices.

"Evidence is admissible if it is both relevant and material. '[E]vidence is relevant if it tends to establish the proposition

for which it is offered.'  Evidence is material if it relates to a matter properly at issue."  <u>Evans-Smith v. Commonwealth</u>, 5 Va. App. 188, 196, 361 S.E.2d 436, 441 (1987) (citation omitted).

The evidence offered by claimant and refused by the commission was not relevant and material to the issue of whether he unjustifiably refused selective employment.  Claimant testified that he resigned when Young Express would not allow him to take a day off to go fishing.  He did not assert that he resigned due to Young Express' business practices, nor was there any evidence to support such a finding.  Thus, the commission did not err in refusing to admit evidence of Gattal's alleged statements to claimant before the hearing.

III.  <u>Cure of Unjustified Refusal of Selective Employment</u>

On appeal, claimant argues that he cured any unjustified refusal of selective employment after leaving Young Express. Claimant did not raise this issue before the commission. Accordingly, we will not consider it for the first time on appeal.  <u>See</u> <u>Green v. Warwick Plumbing & Heating Corp.</u>, 5 Va. App. 409, 413, 364 S.E.2d 4, 6 (1988); Rule 5A:18.

For these reasons, we affirm the commission's decision.

<u>Affirmed</u>.