COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Bumgardner and Lemons

LYNN J. DEMPSEY

v.   Record No. 1894-98-2

ENERFAB CORPORATION AND NATIONAL
 FIRE INSURANCE COMPANY OF HARTFORD

MEMORANDUM OPINION[*]
PER CURIAM
FEBRUARY 2, 1999

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Lynn J. Dempsey, pro se).

(Jennifer G. Marwitz; Law Offices of Roya
Palmer Ewing, on brief), for appellees.


Lynn J. Dempsey ("claimant") contends that the Workers'
Compensation Commission ("commission") erred in (1) denying his
request made on the day of the hearing to introduce into evidence
the March 27, 1997 medical report of Dr. H.L. Phillips and two
office notes of Dr. Frank J. Grady; (2) finding that claimant
failed to prove that his non-ischemic central retinal vein
occlusion of the left eye was causally related to his compensable
November 16, 1995 injury by accident; and (3) failing to apply
the "two causes" rule.  Upon reviewing the record and the briefs
of the parties, we conclude that this appeal is without merit.
Accordingly, we summarily affirm the commission's decision.  See
Rule 5A:27.

---

[*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

I. and III.

Claimant contends that the deputy commissioner abused her discretion and denied him due process by refusing to allow him to introduce into evidence on the day of the hearing Dr. Phillips's medical report and Dr. Grady's office notes.  Claimant also contends that the commission erred in failing to apply the "two causes" rule.

Claimant did not request that the full commission review the deputy commissioner's denial of his request to introduce the medical reports, nor did he argue before the commission that it should have applied the "two causes" rule.  Decisions of a deputy commissioner that are not reviewed by the full commission cannot be brought before this Court.  See Southwest Architectural Prods., Inc. v. Smith, 4 Va. App. 474, 478, 358 S.E.2d 745, 747 (1987).  Furthermore, an issue that is not disputed before the commission will not be considered on appeal.  See Green v. Warwick Plumbing & Heating Corp., 5 Va. App. 409, 413, 364 S.E.2d 4, 6 (1988); Rule 5A:18.  Accordingly, we cannot consider these issues on appeal.

II.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

In denying claimant's application, the commission found as follows:

We have reviewed the medical record in detail

and can find no statement from any doctor that the claimant's non-ischemic central retinal vein occlusion in his left eye was caused by exposure to welding flashes on November 16, 1995, or was the result of the corneal abrasions sustained at that time. The closest any doctor comes on this record to such a statement is the statement of Dr. [W. Wynn] McMullen that claimant's retinal condition "appeared to develop in association with Mr. Dempsey's ocular injury." (Emphasis added). In the immediately preceding sentence, Dr. McMullen states that central retinal vein occlusion is often of unknown cause. We conclude that at most, Dr. McMullen was stating no more than a temporal association between the claimant's corneal abrasions and the development of the central retinal vein occlusion. In fact, . . . the claimant, during a period of approximately two and one-half months, continued to engage in his regular duties and responsibilities without further complaint. At most, we can conclude that there is an undefined temporal association between the two conditions. Such a conclusion is not sufficient to find the necessary causal relationship between the claimant's corneal abrasions and his retinal condition.

The commission's factual findings are supported by the record. In light of the lack of any persuasive medical opinion causally relating claimant's retinal condition to his compensable November 16, 1995 injury by accident, we cannot say as a matter of law that claimant's evidence sustained his burden of proof. Accordingly, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

For these reasons, we affirm the commission's decision.

Affirmed.

- 3 -