COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Lemons and
          Senior Judge Duff
Argued at Alexandria, Virginia


JOSE A. JUAREZ
                                  MEMORANDUM OPINION* BY
v.    Record No. 2289-98-4        JUDGE DONALD W. LEMONS
                                       JUNE 22, 1999
C. WOOLFREY CONSTRUCTION,
 GRANITE STATE INSURANCE COMPANY,
 ALFONSO E. ORTIZ AND
 UNINSURED EMPLOYER'S FUND


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Diane C. H. McNamara for appellant.

        Susan A. Evans (Siciliano, Ellis, Dyer &
        Boccarosse, on brief) for appellees C.
        Woolfrey Construction and Granite State
        Insurance Company.

        Donald M. Haddock, Jr.; Jennifer Lee Parrish;
        Roberts, Ashby & Parrish, on brief), for
        appellee Alfonso Ortiz.

        Christopher D. Eib, Assistant Attorney
        General (Mark L. Earley, Attorney General;
        Richard L. Walton, Jr., Senior Assistant
        Attorney General, on brief), for appellee
        Uninsured Employer's Fund.

    Jose A. Juarez appeals the decision of the Workers'

Compensation Commission denying him benefits.  On appeal, Juarez

contends that the commission erred in allowing a deputy

commissioner to serve on the full commission when it reviewed

--------------------------------------------------------------

        *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

the case.  Juarez also argues that the commission erred in finding that Juarez was an independent contractor at the time of the accident.  We find that that the commission committed no error, and we affirm its decision.

## I.  BACKGROUND

On August 28, 1996, Jose Juarez fell from the roof of a building and injured his left ankle, left leg and spine.  Juarez testified that at the time of his injury, he was working on the roof with Alfonso Ortiz and a crew of men.

Juarez began working with Ortiz in 1995.  Both Juarez and Ortiz were employed with Bean & Mallow ("B & M"), a Northern Virginia roofing contractor.  Ortiz was the supervisor or foreman of the roofing crew, and Juarez worked under Ortiz as a member of the crew.  Rodolpho and Geraldo Silva and Martin Rodriguez were all also members of Ortiz's crew.  Ortiz is fluent in both Spanish and English and helped all of the men to complete their applications for employment with B & M.  Except for some basic phrases, Juarez does not speak English.

In 1996, Ortiz asked Juarez to work on roofing jobs for C. Woolfrey Construction.  C. Woolfrey Construction ("Woolfrey Construction") was the roofing contractor for Atlantic Builders, and supplied all of the materials and labor on the job site for that builder.  The jobs for Woolfrey did not involve B & M, and were completely unrelated to both Ortiz's and Juarez's employment with B & M.  Ortiz testified that he allowed Juarez

-

to select the other individuals to work on the crew with him on the Woolfrey Construction job sites. The other members of the crew included Rodolpho and Geraldo Silva and Rodriguez.

Juarez testified that he began working on the "Woolfrey" jobs in 1996. Ortiz would inform Juarez where the job was located and provide directions to the site. The crew never knew if the job was for B & M or Woolfrey Construction until they arrived and noticed the company signs. When the crew worked for B & M, they would receive a company check; whereas, when they worked on a job for Woolfrey Construction, the men received either a personal check made out to one crew member on a rotational basis, which they would divide among themselves, or cash. Ortiz always delivered their payment for the Woolfrey Construction jobs.

When the crew worked at the Woolfrey Construction job sites, the crew supplied its own tools. The crew had purchased an air compressor from Ortiz, and the crew used two ladders, one belonged to B & M and the other belonged to Ortiz. The crew traveled to the job sites in a truck the crew members had purchased from Ortiz. Juarez kept the truck at his home, and used it for personal errands.

Juarez stated that "there was no boss" of the crew; rather, all of the crew members were "friends." On the Woolfrey Construction jobs, the crew set its own hours and determined when they would go to lunch or take breaks. Juarez testified

-

that they did not keep track of the hours that the crew spent at each house.

On August 28, 1996, the day of the accident, Juarez was working with Rodolpho and Geraldo Silva and Rodriguez. Clayton Woolfrey, the owner of Woolfrey Construction at the time of the accident, was called immediately and he went to the hospital to check on Juarez. Woolfrey testified that he knew that the accident "definitely occurred on one of our jobs." When he first arrived at the hospital, Woolfrey told hospital personnel that he was "hiring [Juarez] as of that day." Woolfrey testified that he only told the hospital that because he was afraid that, due to the language barrier, Juarez might not be receiving proper medical attention.

After his accident, Juarez filed an application for benefits under the Workers' Compensation Act, naming Woolfrey Construction as his employer. Woolfrey Construction's insurance carrier initially accepted Juarez's claim and paid $8,928 in benefits. However, the carrier then changed its position, and denied further liability on the ground that Juarez was an independent contractor, not an employee of Woolfrey Construction.

On October 22, 1997, an evidentiary hearing was held on Juarez's claim. On December 5, 1997, Deputy Commissioner Herring issued an opinion finding that Juarez "was not an employee of either . . . Ortiz or . . . Woolfrey

-

[Construction]. . . ." Deputy Commissioner Herring determined that Juarez was an independent contractor and that he was not entitled to recovery under the Workers' Compensation Act.

Juarez sought review of the deputy commissioner's opinion. On September 10, 1998, the full commission affirmed the deputy commissioner's ruling. Juarez appeals the ruling of the full commission.

## II.  REVIEW PROCESS

Juarez argues on appeal that the full commission did not comply with the review process prescribed by the Workers' Compensation Act and that the opinion issued by the full commission is void.

The Workers' Compensation Act mandates that the full commission be comprised of three members. Of the first two members,

> [n]ot more than one . . . shall be a person
> who on account of his previous vocation,
> employment or affiliation, shall be
> classified as a representative of employers,
> and not more than one such appointee shall
> be a person who on account of his previous
> vocation, employment or affiliation, shall
> be classed as a representative of employees.

Code § 65.2-200(D). The third, or "neutral," member,

> shall be chosen by the joint vote of the two
> houses of the General Assembly during the
> month of January of each regular session of
> the General Assembly convened in any
> even-numbered year, and who shall serve for

-

terms of six years from the first date of
February next succeeding election.

Code § 65.2-200(B).

On the date Deputy Commissioner Herring's opinion was
reviewed by the full commission, the commission was comprised of
Commissioner Lawrence Tarr, the "employer representative,"
Commissioner William Dudley, the "neutral member," and
Chairperson Virginia Diamond, the "employee representative."
However, Chairperson Diamond did not participate in the full
commission's review of Juarez's case.  Deputy P. Randolph Roach,
a Deputy Commissioner employed by the Workers' Compensation
Commission, participated in the review of Juarez's case and the
rendering of the opinion of the full commission.

Citing Code § 65.2-704(B), Juarez maintains "[o]nly under
certain prescribed circumstances may a deputy be substituted in
place of a full Commissioner" and that none of the circumstances
existed in his case.  Code § 65.2-704(B) states

> [a]ny member of the Commission who hears the
> parties at issue and makes an award . . .
> shall not participate in a rehearing and
> review of such award provided under [Code]
> § 65.2-705.  When a member is absent or
> prohibited by the provisions of this
> subsection from sitting with the full
> Commission to hear a review, the Chairman
> shall appoint one of the deputies to sit
> with the other Commission members.

On appeal, Juarez argues that in his case "none of the
members of the Commission were 'absent or prohibited' from
hearing the case on review."  In addition, Juarez contends that

-

"the first hearing was not before the full Commission, so the exception set forth in Code § 65.2-705 is not triggered." Finally, Juarez argues that there is "no indication in the record" that Roach was appointed by Chairperson Diamond in her absence as required by Code § 65.2-704(B) and that he did not have notice of the substitution, or the opportunity to object.

Juarez never raised the issue of Deputy Commissioner Roach's participation in the review of his case before the full commission. Although the commission did not allow oral argument in this case and Juarez did not know the composition of the full commission until the review opinion was issued, Juarez had the opportunity to object after the opinion was rendered and before it became final thirty days later. Juarez did not make a motion to reconsider or to vacate the opinion during the thirty-day period that the decision remained within the jurisdiction of the commission. We will not consider an issue not brought before the commission for the first time on appeal. See Green v. Warwick Plumbing & Heating Corp., 5 Va. App. 409, 412-13, 364 S.E.2d 4, 6 (1988).

### III. EMPLOYEE/EMPLOYER RELATIONSHIP

Juarez argues that the Workers' Compensation Commission erred in its finding that he was not an employee of Woolfrey Construction at the time of his injury. Juarez contends that Woolfrey Construction exercised a degree of control over his work that created a relationship of employee/employer. In

-

addition, Juarez argues that if we do not find that he was an employee of Woolfrey Construction, we must find that Alfonso Ortiz was his employer. Pursuant to the parties' stipulation at the hearing, if the commission found that Juarez was an employee of Ortiz, Woolfrey Construction would be his statutory employer.

Whether a person is an independent contractor or an employee is governed by traditional common law principles. See Hamilton Trucking v. Springer, 10 Va. App. 710, 396 S.E.2d 379 (1990). "The power or right of control is the most significant factor in determining the character of the relationship, and the most significant inquiry is whether the power or right to control the means and methods by which the result is to be accomplished has been reserved." County of Spotsylvania v. Walker, 25 Va. App. 224, 230, 487 S.E.2d 274, 276 (1997).

In its opinion dated September 10, 1998, the full commission adopted Deputy Commissioner Herring's findings of fact in his December 5, 1997 opinion. Deputy Commissioner Herring's findings included the following:

> Juarez has not met his burden of proof as to either purported employer. We believe the evidence to be conclusive that although Ortiz arranged work for Juarez and his fellow crew members and occasionally even directed them to the job sites, he did not supervise or otherwise control their work. Indeed, the evidence is uncontradicted that if one of more of the work crew members was not available or could not work, Ortiz would attempt to find a replacement.

-

We also find, on the evidence presented, that Juarez and his fellow workers were free to accept or reject jobs as they pleased.  The fact that, as Juarez testified, no work was ever refused does not mean that either he or his fellow workers did not have the right to do so.

For much the same reason, we also find that Woolfrey did not "control" the actions of Juarez and his fellow workers.  As we understood the evidence, Woolfrey specified what type of job needed to be done, depending on the roofing required, and occasionally completed work when Juarez and the other men did not finish.  We held that specifying the type of work to be done does not equate with supervising that work, and there is no evidence before us that he actually did so.

    *    *    *    *    *    *    *

The evidence was abundant . . . that, in the overwhelming number of cases, Juarez and his friends worked without intervention either from Ortiz or from Woolfrey.  Although not dispositive, it is also undisputed that Juarez and his friends were paid by the job, based upon the number of "squares" of roofing installed.

Simply stated, all the witnesses on this point agreed that Juarez and his companions were highly-skilled, motivated workers who needed no supervision in performing the tasks assigned.  Their sole requirement was to complete the assigned job so that the home would pass inspection.  Only on those occasions when they ran out of materials, which were furnished by Woolfrey, or did not have time to complete the task, did Woolfrey personally become involved.

We also find that the incident in the hospital whereby Woolfrey offered to "employ" Juarez has no bearing on our decision.  We see this as nothing more than

-

an attempt by Woolfrey to ensure that Juarez got appropriate medical care.

The full commission stated additional evidence in its opinion:

> Once Ortiz obtained a [Woolfrey] job, he would show the crew the location and the crew would perform the roofing job, setting their own hours, and using their own tools and truck. When the job was completed, Ortiz would be paid in a lump sum which he would give to the crew, and they would determine how it would be divided among them. Because Ortiz spoke English, and the crew primarily spoke Spanish, Ortiz acted as a liaison between the crew and Woolfrey, if a problem arose. No taxes, social security, or health insurance premiums were deducted from the money received for performing work at the Woolfrey sites. Ortiz testified that he did not consider the claimant or the other crew members to be his employees, and as a result, he did not carry workers' compensation insurance coverage. Woolfrey testified that he only visited the locations to insure the job was completed. Often, Ortiz did not discover that a job was completed until he learned of it from Woolfrey or one of the crew members. Woolfrey provided materials on the job site, but did not speak Spanish and therefore, did not direct the others as a supervisor. After the injury, Woolfrey told hospital personnel that the claimant was his employee so that the claimant would be covered and would not have to have his leg amputated.

The full commission concluded

> [t]he evidence established that Ortiz essentially brokered the job between the crew and C. Woolfrey Construction. Once the job was established, and the crew was told what needed to be done, the crew members set their own schedule, used their own tools, and decided how they would divide the pay. We find that neither Ortiz nor Woolfrey

-

> exercised that degree of control over the
> crew that rendered them employees.

In reviewing the decision of the Workers' Compensation Commission, "we review the evidence in the light most favorable to the party prevailing below." Uninsured Employer's Fund v. Clark, 26 Va. App. 277, 280, 494 S.E.2d 474, 475 (1998). "The commission's findings of fact will be upheld on appeal if they are supported by credible evidence." Id. at 280, 494 S.E.2d at 475. In reviewing the evidence in the light most favorable to Woolfrey Construction and Ortiz, we find that credible evidence exists to support that Juarez was an independent contractor and was ineligible for benefits under the Workers' Compensation Act.

We also hold that credible evidence existed to support the commission's finding that Juarez, an independent contractor, was not entitled to recover from Woolfrey Construction as a statutory employer under Code § 65.2-302. A decision of the Workers' Compensation Commission which considers whether an entity is a statutory employer for purposes of recovery under the workers' compensation statute must be affirmed where there is credible evidence to support the findings of the commission. See Bogese Builder v. Robertson, 17 Va. App. 700, 440 S.E.2d 622 (1994). Citing Reynolds v. Yellow Cab Co., 75 O.W.C. 76, 78-79 (1996), the commission stated "an independent contractor is not an employee or statutory employee merely because he performs work in the trade, business, occupation or profession of the

-

employer and which is usually performed by employees, if the employer retains no right to control the manner in which the work is performed, as is the case here." We find that credible evidence existed in the record to support the commission's finding that Woolfrey was not Juarez's statutory employer, and we uphold the denial of benefits under Code § 65.2-302.

## IV.  CONCLUSION

We find that the full commission complied with the review process prescribed by the Workers' Compensation Act.  In addition, our review of the record finds credible evidence to support the decision of the commission to deny benefits to Juarez.  The decision of the commission is affirmed.

<u>Affirmed.</u>

-