COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


LLOYD RAYMOND WHETZEL

                                    MEMORANDUM OPINION*
v.    Record No. 0352-99-3              PER CURIAM
                                      AUGUST 10, 1999
WASTE MANAGEMENT OF VIRGINIA BLUE RIDGE
 AND TRANSPORTATION INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Lloyd Raymond Whetzel, pro se, on brief).

            No brief for appellees.


     Lloyd Raymond Whetzel (claimant) appeals a decision of the

Workers' Compensation Commission ("commission") finding that his

change-in-condition application was barred by the expiration of

the two-year statute of limitations found in Code § 65.2-708.

Claimant contends that the commission (1) denied him due process

and equal protection of the law in refusing to toll the

limitations period where he was negligently released by his

treating physician, forced to resign by his employer, and

incarcerated; (2) erred in not tolling the limitations period

pursuant to Code § 65.2-602; (3) erred in not tolling the

limitations period pursuant to Code § 8.01-229(A)(1); (4) erred

in not tolling the limitations period during his incarceration

---

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

without a committee pursuant to Code § 65.2-528; and (5) discriminated against him in violation of the Americans with Disabilities Act of 1990 ("ADA").  Finding no error, we affirm the commission's decision.

I.

Claimant did not assert due process or equal protection arguments before the commission.  Accordingly, we will not consider these arguments for the first time on appeal.  See Green v. Warwick Plumbing & Heating Corp., 5 Va. App. 409, 413, 364 S.E.2d 4, 6 (1988); Rule 5A:18.

II.

Claimant did not raise Code § 65.2-602 as a basis for tolling the applicable limitations period before the commission. Accordingly, we will not consider this argument for the first time on appeal.  See Green, 5 Va. App. at 413, 364 S.E.2d at 6; Rule 5A:18.

III.

Although claimant did not directly raise the applicability of Code § 8.01-229(A)(1) in his request for review, the full commission addressed the applicability of that subsection in its review opinion.  In doing so, the commission ruled as follows:

> The Act has its own independent tolling
> provisions found inter alia in Va. Code Ann.
> §§ 65.2-528 and 65.2-602.  The presence of
> these specific provisions included as part
> of this statutorily-created remedy precludes
> the application of the general tolling

provisions of Title 8.01.  Furthermore,
because the claimant was not incarcerated at
the time of his work-related injury, the
alleged incapacity would not have existed at
the time of the "accrual" of the right to
the remedy, thus rendering Va. Code Ann.
§ 8.01-229(A)(1) expressly inapplicable.

(Citation omitted.)  The commission correctly concluded that the

existence of the specific tolling provisions contained in Code

§§ 65.2-528 and 65.2-602 precluded it from applying Code

§ 8.01-229(A)(1), a statute of general application, to toll the

limitations period in this case.  See County of Fairfax v.

Century Concrete Servs., Inc., 254 Va. 423, 427, 492 S.E.2d 648,

650 (1997).  In addition, the express language of Code

§ 8.01-229(A)(1) renders it inapplicable to the facts of this

case.

### IV.

Code § 65.2-528 provides as follows:

No limitation of time provided in this title
for the giving of notice or making claim
under this title shall run against any
person who is incapacitated or under
eighteen years of age, so long as he has no
guardian, trustee or conservator.

We agree with the commission that "the omission of 'committee'

from the list 'guardian, trustee or conservator' suggests that

incarceration, or the lack of a committee during incarceration,

does not constitute incapacity within the meaning of

§ 65.2-528."  In addition, it has been held in Virginia that

"[u]nlike an infant or insane person, [a convict is] not legally

- 3 -

incompetent to transact business either before or after his conviction . . . ." Dunn v. Terry, 216 Va. 234, 239, 217 S.E.2d 849, 854 (1975). Accordingly, the commission did not err in concluding that "incarceration is not an 'incapacity' tolling the statute of limitations under Va. Code Ann. § 65.2-528." As the commission correctly acknowledged, "an incarcerated person may still file legal documents, including a change in condition application in his own right, without the appointment of a guardian, trustee, or conservator."

V.

Code § 65.2-700 vests the commission with jurisdiction to determine "[a]ll questions arising under" the Virginia Workers' Compensation Act. Consequently, the commission did not have jurisdiction to consider claimant's assertion that he was discriminated against under the ADA. Accordingly, we will not consider this issue on appeal.

Because the commission correctly concluded that there was no basis upon which to toll the applicable two-year limitations period, it did not err in ruling that claimant's change-in-condition application, filed almost six years after the date for which he was last paid compensation, was time barred pursuant to Code § 65.2-708.

For these reasons, we affirm the commission's decision.

Affirmed.