COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Benton and Coleman


MARY WASHINGTON HEALTH CENTER AND
 THE RECIPROCAL GROUP
                                      MEMORANDUM OPINION*
v.    Record No. 0959-99-2               PER CURIAM
                                       SEPTEMBER 21, 1999
IRIS N. JONES


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (John E. McIntosh, Jr.; Crews & Hancock,
            P.L.C., on briefs), for appellants.

            (Wesley G. Marshall, on brief), for appellee.


     Mary Washington Health Center and its insurer (hereinafter

referred to as "employer") contend that the Workers'

Compensation Commission erred in awarding Iris N. Jones

temporary total disability benefits beginning January 1, 1997,

fourteen months before Jones filed her February 28, 1998

change-in-condition application requesting a resumption of

temporary total disability benefits beginning February 16, 1998.

Specifically, employer asserts that the full commission's award

on review (1) violated employer's due process rights; (2)

violated Rule 1.2B, Rules of the Virginia Workers' Compensation

Commission; and (3) was not supported by medical evidence

establishing causally-related disability for the period from

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

January 1, 1997 through February 16, 1998. Upon reviewing the records and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. See Rule 5A:27.

The record does not indicate that employer ever informed the full commission of its objections to the commission's decision on these grounds. By virtue of employer's timely appeal to this Court, the record establishes that employer received a copy of the commission's March 26, 1999 decision and that the decision clearly indicated that the commission was awarding Jones benefits beginning January 1, 1997, even though Jones' application had only requested benefits beginning February 16, 1998. The record does not show that employer ever filed a motion to reconsider or set aside the full commission's decision. Because employer did not raise these arguments before the commission, we cannot consider them for the first time on appeal. See Rule 5A:18; Green v. Warwick Plumbing & Heating Corp., 5 Va. App. 409, 412-13, 364 S.E.2d 4, 6 (1998).

Accordingly, we affirm the commission's decision.

Affirmed.

- 2 -