COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


DICKENSON COUNTY MEDICAL CENTER AND
 FIRE & CASUALTY INSURANCE
 COMPANY OF CONNECTICUT

                                      MEMORANDUM OPINION*
v.    Record No. 0731-00-3              PER CURIAM
                                       AUGUST 1, 2000
BARBARA G. ROSE


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Robert M. McAdam; Jones & Glenn, P.L.C., on
            brief), for appellants.

            (Paul L. Phipps; Lee & Phipps, P.C., on
            brief), for appellee.


        Dickenson County Medical Center and its insurer

(hereinafter referred to as "employer") contend that the

Workers' Compensation Commission erred in finding that Barbara

G. Rose proved that (1) her current psychiatric condition is, in

part, causally related to her May 3, 1998 compensable injury by

accident, and (2) she was totally disabled from work due to her

psychiatric condition.  Upon reviewing the record and the briefs

of the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  See

Rule 5A:27.

---

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

I.

"General principles of workman's compensation law provide that '[i]n an application for review of any award on the ground of change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)). "[I]t is fundamental that a finding of fact made by the Commission is conclusive and binding upon this court on review. A question raised by conflicting medical opinion is a question of fact." Commonwealth v. Powell, 2 Va. App. 712, 714, 347 S.E.2d 532, 533 (1986). "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

In granting Rose's application alleging a change-in-condition, the commission found as follows:

> We . . . note that, after Dr. [Patricia] Vanover offered her opinion on the issue of disability, neither party thereafter approached Dr. [Russell D.] McKnight or Dr. [Ashvin A.] Patel for a clarification of their respective opinions on the issue of causation. Dr. McKnight found that [Rose's] psychiatric condition was causally related to the work injury and Dr. Patel had previously found that the industrial accident at least aggravated or exacerbated the pre-existing depressive disorder.

- 2 -

Given the record before us, we find a sufficient foundation for the opinions rendered by Dr. McKnight and Dr. Patel. We find that the greater weight of the evidence establishes that [Rose's] current psychiatric condition is, in part, causally related to the work injury and likewise any disability flowing therefrom.

The commission's findings are supported by credible evidence, including the opinions and medical records of Drs. McKnight and Patel. In its role as fact finder, the commission was entitled to accept the opinions of Drs. McKnight and Patel and to reject any contrary medical evidence. In addition, based upon the opinions and medical records of Drs. McKnight and Patel, the commission, as fact finder, could reasonably infer that Rose's current psychiatric condition is, at least in part, causally related to her compensable injury by accident. See Papco Oil Co. v. Farr, 26 Va. App. 66, 75, 492 S.E.2d 858, 862 (1997) (holding that "a condition which has two causes, one related to a work injury, and one not, is compensable and the treatment of that condition will be the responsibility of the employer").

II.

On review, before the commission, employer did not argue that Rose failed to prove that she was entitled to temporary total disability benefits as a result of her psychiatric condition. The sole issue raised by employer in its written statement submitted on review was whether Rose had proven a

- 3 -

causal connection between her psychiatric condition and her compensable injury by accident.  Accordingly, we will not address this issue on appeal.  <u>See</u> <u>Green v. Warwick Plumbing & Heating Corp.</u>, 5 Va. App. 409, 413, 364 S.E.2d 4, 6 (1988); Rule 5A:18.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>