COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Senior Judge Overton


CHARLES FRANCIS CARTER
                                        MEMORANDUM OPINION*
v.    Record No. 1328-02-4                 PER CURIAM
                                         OCTOBER 15, 2002
ARLINGTON COUNTY FIRE DEPARTMENT


             FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Charles Francis Carter, pro se, on briefs).

          (Susan A. Evans; Jimese Sherrill; Leighton
          Kirby; Siciliano, Ellis, Dyer & Boccarosse,
          on brief), for appellee.


     Charles Francis Carter contends that (1) Arlington County

Fire Department has failed to provide him with a panel of

physicians in LaCrosse, Wisconsin as ordered by Deputy

Commissioner Colville at the November 13, 2000 hearing; and (2)

the Workers' Compensation Commission erred in finding that he

failed to prove the Department was responsible for the

reimbursement and/or payment of certain medical bills, mileage

expenses, vehicle repairs, and home air conditioning repairs.

Upon reviewing the record and the parties' briefs, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

At the November 13, 2000 hearing before Deputy Commissioner Colville, the Department agreed to provide Carter with a panel of physicians in Wisconsin within three weeks. On review before the full commission, Carter asserted that the Department offered him a defective panel. The commission declined to consider this issue because it was not properly before it for adjudication, noting that Carter had notified the deputy commissioner after the hearing that he was not satisfied with the panel and that "a further hearing will be necessary on this issue."

Because the commission has not decided this issue and has ruled that a hearing is necessary, we will not consider it on appeal. See Green v. Warwick Heating & Plumbing Co., 5 Va. App. 409, 413, 364 S.E.2d 4, 6 (1988); Rule 5A:18.

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Carter sustained a compensable lower back injury while working as a firefighter on January 24, 1980. The Department

accepted the claim as compensable. Carter received a diagnosis on January 2, 1990 and January 8, 1991 that he suffered from bilateral carpal tunnel syndrome arising out of and in the course of his employment. On March 30, 1992, the commission entered an award for lifetime medical treatment on that claim. On January 5, 1996, the commission entered a further award in favor of Carter for an occupational disease, asthma, providing him with lifetime medical treatment.

On June 12, 2000, Carter filed an application seeking reimbursement for thirty separate items related to various medical expenses, mileage expenses, vehicle repair expenses, and home air conditioning repair expenses allegedly related to his asthma. The Department agreed to one of those expenses for mileage to Dr. Lane's office on July 22, 1999, but contested the remaining twenty-nine items. On November 13, 2000, both parties presented evidence at a hearing before Deputy Commissioner Colville.

The deputy commissioner denied the twenty-nine contested claims. On review, the commission found that it had previously miscalculated the amount the Department owed to Carter for air conditioning repairs on his 1989 Plymouth van and that the Department owed Carter $220.77 for the May 1996 and July 1997 repairs. Otherwise, the commission affirmed the denial of Carter's claims.

The commission's opinions contain lengthy recitations of the history of Carter's numerous claims, the prior opinions rendered by the commission and this Court, and detailed accounts of each of Carter's claimed expenses and the reasons for their denial.  We have thoroughly reviewed the record, and we hold that it supports the commission's findings that the twenty-nine items have either been paid by the Department, not proven by Carter to be medically reasonable or necessary, and/or barred by the doctrine of res judicata.  Accordingly, we cannot find as a matter of law that Carter's evidence sustained his burden of proof.

For these reasons, we affirm the commission's decision.

Affirmed.